FREEDMAN v. BURTON.

1. JUDGMENT—ENTRY—MOTION FOR DIRECTED VERDICT—EMPSON ACT.
   Under the Empson act it is necessary that a motion for a directed verdict be made before judgment is entered in the case (3 Comp. Laws 1929, § 14531 *et seq.*).

2. COURTS—CORRECTION OF RECORDS.
   Circuit courts have a general power to correct inadvertent entries upon their records and to set aside verdicts and judgments thereon, and grant new trials when, upon proper motion and showing, the ends of justice so require in the opinion of the court.

3. APPEAL AND ERROR—RECORD.
   Under record containing contradictory and confusing statements Supreme Court is required to accept that portion which was settled and certified by the trial judge.

4. JUDGMENT — INADVERTENT ENTRY — JUDGMENT NON OBSTANTE VEREDICTO.
   Judgment inadvertently entered on a verdict may be vacated and judgment *non obstante veredicto* entered if latter should have been otherwise entered as a matter of law.

5. FORCIBLE ENTRY AND DETAINER—QUESTION OF FACT—JUDGMENT NON OBSTANTE VEREDICTO.
   In summary proceedings, judgment for plaintiff *non obstante veredicto* for defendant should not have been entered, if, taking defendant's testimony as true and viewing it in its best light, it can be said that in consideration of the evidence and the reasonable inferences and deductions that may be drawn therefrom, a question of fact is presented; if not, such judgment should be affirmed.

6. SAME—JUDGMENT FOR PLAINTIFF NON OBSTANTE VEREDICTO.
   In absence of evidence showing binding agreement for possession of real property, judgment for plaintiff *non obstante veredicto* for defendant in summary proceedings *held*, correct.

7. APPEAL AND ERROR—SUMMARY PROCEEDINGS—EVIDENCE—INAD-
VERTENT ENTRY OF JUDGMENT.

> Judgment for plaintiff in summary proceedings, inclusive of
> award to him of $1,000 for rent found to be due, *non obstante
> veredicto* for defendant entered after judgment was allegedly
> entered on the verdict inadvertently is ordered affirmed upon
> condition of entry of an order by the circuit court vacating
> first judgment notwithstanding lack of proof in record to sus-
> tain entry of finding of $1,000 due plaintiff where such ques-
> tion is not raised by defendant.

Appeal from Wayne; Chenot (James E.), J. Sub-
mitted June 18, 1937. (Docket No. 65, Calendar
No. 39,544.) Decided September 1, 1937. Rehear-
ing denied October 13, 1937.

Summary proceedings before circuit court com-
missioner by Simon Freedman against William Bur-
ton for possession of real estate. From verdict and
judgment for defendant, plaintiff appealed to circuit
court. Verdict for defendant. Judgment for plain-
tiff *non obstante veredicto*. Defendant appeals.
Affirmed conditionally.

*Isaac Finkelstein* (*Hal P. Wilson*, of counsel), for
plaintiff.

*Samuel Reiss* (*M. D. Smilay*, of counsel), for de-
fendant.

BUSHNELL, J. Defendant appeals from a judg-
ment *non obstante veredicto*. Summary proceedings
for the restitution of certain premises were had be-
fore a circuit court commissioner, where a jury re-
turned a verdict for defendant. The landlord ap-
pealed to the circuit court where another jury
returned a like verdict on November 30, 1936, and
judgment was immediately entered thereon. On

December 5th, plaintiff filed a motion for a judgment notwithstanding the verdict which was heard and granted on December 28th, the trial judge determining that the defendant was guilty of unlawfully withholding possession of the premises, and judgment was then entered for plaintiff. The next day a stay of proceedings was granted to defendant and on January 15, 1937, and after claim of appeal had been filed by defendant, a corrected judgment was entered for restitution of the premises with a finding of $1,000 due the plaintiff.

The record contains the testimony of defendant and another witness, together with a finding of fact and a finding of law, in which the circuit judge stated that:

"The plaintiff, at the conclusion of all the testimony moved for a directed verdict. The court's decision on the motion was reserved, and the case submitted to the jury who returned a verdict of not guilty in favor of the defendant and against the plaintiff."

Nothing is said therein about an entry of judgment for defendant the same day upon which the jury's verdict was rendered. The calendar entries, however, show that such a judgment was entered on November 30th.

Defendant questions the right of the trial court to enter a judgment *non obstante veredicto* under the Empson act (3 Comp. Laws 1929, § 14531 *et seq.*) some three weeks after the entry of a judgment on the verdict, no motion having been made and no order having been entered setting the first judgment aside. Plaintiff describes the first judgment as having been inadvertently entered and says the court merely corrected this inadvertency and considered the motion upon which decision was reserved.

We fail to find the judgment of November 30th in the record, but the judgment of December 28th is printed on the page following the certificate of the trial judge settling the case, and reads:

"The jury by whom the issue joined in this cause was tried having heretofore rendered a verdict in favor of the defendant and judgment having been entered and a motion having been made to set aside said verdict and judgment and the court having taken said motion under advisement under the Empson act, Therefore," etc.

The Empson act requires a motion for a directed verdict to be made "before judgment is entered in said case" and we held in *Wulff* v. *Bossler*, 199 Mich. 70, 78, that "unquestionably circuit courts have a general power to correct inadvertent entries upon their records, and to set aside verdicts and judgments thereon, and grant new trials when, upon proper motion and showing, the ends of justice so require in the opinion of the court," etc., but we found in that case that "no order was then made directly disposing of the original official record of a judgment on the verdict as rendered, which we cannot assume was unauthorized or inadvertent."

In the record before us the various statements are contradictory and confusing and under such circumstances we must accept that portion of the record which was settled and certified by the trial judge.

In *Raridan* v. *Bick*, 259 Mich. 200, defendant on trial moved for a directed verdict and decision was reserved. By stipulation and order 20 days were allowed defendant to present a motion *non obstante veredicto* or for a new trial. However judgment was entered for plaintiff immediately after verdict. Within the stay period, defendant filed a preliminary notice of appeal as well as both mentioned

motions. Plaintiff objected to a hearing on these motions because of the pendency of the appeal. The trial court granted the motion *non obstante veredicto* and in the order recited that the former judgment had been entered inadvertently and by mistake, and ordered it vacated. Plaintiff appealed from the second judgment and defendant then abandoned his first appeal, asking, if the second judgment be reversed that the first be also reversed with or without a new trial. Plaintiff contended that the trial court had lost jurisdiction to enter the second judgment.

We affirmed the second judgment, holding under the *Wulff Case, supra,* and others cited, that the court had authority to vacate the judgment inadvertently and prematurely entered, etc. That is what should have been done in the instant case, and may yet be done if the second judgment should have otherwise been entered as a matter of law.

A judgment *non obstante veredicto* should not be entered, if, taking defendant's testimony as true and viewing it in its best light, it can be said that in consideration of the evidence and the reasonable inference and deductions that may be drawn therefrom, a question of fact is presented. If not, the judgment should be affirmed. *Sheathelm* v. *Consumers Power Co.,* 280 Mich. 106, 111. Although the pleadings are not in the record, we gather from defendant's brief that his case is planted upon a claimed verbal lease made by witness Hubbard while he was assistant manager of the investment department of the Life Insurance Company of Detroit, which had acquired title to the property in question, through a mortgage foreclosure. This witness specifically denied any authority to make a lease, but admitted that a written lease had been prepared, providing for a rental

charge of $50 a month, but he says defendant Burton never executed the paper or complied with its terms by paying the required rental. On the contrary, Burton did not pay any stated amount and the witness collected whatever rentals he could get.

Defendant Burton testified in an attempt to prove some sort of an agreement covering his occupancy of the premises in consideration of the payment of $27.50 per month and the costs of redecorating, but we cannot find that any lease was made or given by anyone acting for or authorized by the owner. We are confronted by an absence of authorities on the question raised, but since the record is likewise silent on the necessary elements that go to make up a binding agreement for possession of real property, the trial court was correct in holding there was nothing upon which a judgment for defendant might rest. .

The cause is remanded with direction to the trial court to enter a proper order vacating the first judgment. We do not find any proof in the record to sustain the entry of a finding of $1,000 due the plaintiff, but that question is not raised by appellant. The amended and corrected second judgment is affirmed, upon condition of the entry of an order in the circuit court vacating the first judgment. Costs to appellee.

FEAD, C. J., and NORTH, WIEST, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred.