STRAUSSER v. SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD.

1. JUDGMENT—POWER OF COURT TO OPEN, VACATE OR SET ASIDE.
   The judgment of a court, whether rightfully or wrongfully entered, is under its control so long as the court has jurisdiction, and the court may, on its own motion, open, vacate or set it aside for error in law.

2. SAME—SETTING ASIDE—ENTRY OF JUDGMENT NOTWITHSTANDING VERDICT.
   In action against insurer for death benefits, court held, not to have abused its discretion in vacating judgment on verdict for

plaintiff and entering one for defendant notwithstanding verdict, although motion for a directed verdict had been denied, where policy contained provision limiting time for bringing action thereunder to one year and more than that time had expired before plaintiff brought action.

3. FRATERNAL BENEFICIARY SOCIETIES — LIMITATION OF ACTIONS — WAIVER—AUTHORITY OF DISTRICT MANAGER.

Fraternal beneficiary society *held,* not to have waived provision of its life insurance policy limiting time within which action might be brought thereunder where it disclaimed liability thereunder and district manager with whom plaintiffs had negotiated is not shown to have had authority to waive it nor to admit liability.

4. SAME — LIMITATION OF ACTIONS — SUSPENSION FOR FAILURE TO MAKE MONTHLY PAYMENTS.

Death beneficiary under policy with a fraternal beneficiary society *held,* not entitled to recover where action was not brought within one year after death of insured as required by policy and insured was in arrears in making monthly payments and is not claimed to have not been suspended.

Appeal from Oakland; Rogers (Goodloe H.), J. Submitted January 12, 1938. (Docket No. 5, Calendar No. 39,586.) Decided February 25, 1938.

Assumpsit by Florence E. Strausser and Guy J. Harinton against Sovereign Camp of the Woodmen of the World, a Nebraska fraternal beneficiary society, for death benefits under an insurance policy. Verdict and judgment for plaintiffs. Judgment set aside and one entered for defendant *non obstante veredicto.* Plaintiffs appeal. Defendant cross-appeals. Affirmed.

*LeRoy W. Belanger* (*Nelson S. Shapero,* of counsel), for plaintiffs.

*Joslyn, Joslyn & Joslyn,* for defendant.

POTTER, J.   Plaintiffs sued defendant to recover on an insurance policy for the death of the insured, Harry D. Harinton, deceased.   There was verdict for plaintiffs which was set aside upon motion for judgment notwithstanding the verdict and judgment entered for defendant.   Plaintiffs appeal.   Appellee took a cross-appeal.

The judgment of the court, whether rightfully or wrongfully entered, was, so long as the trial court had jurisdiction, under its control, and it could on its own motion open, vacate or set aside the same for error in law.   It does not here appear the trial court abused that discretion.   Though the record shows the judgment was intentionally entered, it also shows the court at the conclusion of the testimony denied defendant's motion for a directed verdict in its favor, saying: "I will submit the case under the statute."   After verdict was returned, judgment was entered thereon and, upon objection to defendant's renewal of its motion for judgment notwithstanding the verdict after judgment entered, the trial court set aside the judgment, holding the judgment previously entered had been entered by inadvertence.   This, the trial court had a right to do.   *Raridan* v. *Bick,* 259 Mich. 200; *Freedman* v. *Burton,* 281 Mich. 208.   Having set aside the judgment entered upon the verdict, the trial court considered the motion for judgment notwithstanding the verdict and granted it.   In so doing, there was no error.

The deceased died August 20, 1932, and suit was commenced February 23, 1934.   The policy of insurance sued upon provides:

"No suit shall be brought upon this certificate unless said suit is commenced within one year from the date of death."

No suit was brought within the period fixed by the policy or certificate of insurance. It is claimed that after the death of the insured there were negotiations between plaintiffs and defendant and these negotiations for settlement amounted to a waiver of the provision of the policy above quoted. Though the defendant company in all cases responded to correspondence on behalf of plaintiffs, it at all times disclaimed liability upon the policy or certificate of insurance. There never were any negotiations upon the part of the defendant with plaintiffs, or their representatives, which indicated it in any way considered the question of admitting liability in whole or in part on the policy or certificate of insurance. Plaintiffs, and their representatives, also negotiated with one Engel, who appears to have been the district manager of defendant, but there is no testimony Engel ever had any authority to admit liability upon the part of the defendant or had any power or authority to waive the terms of the policy requiring suit to be instituted thereon within the period of one year provided therein. Passing without determination this question, it does appear from the undisputed evidence that the insured, during his lifetime and before his death, was suspended from the defendant order for nonpayment of premiums or assessments due upon his policy. This policy required monthly payments of $5.64. It is undisputed insured was in arrears at the time of his death, and there is no claim he was not suspended. Under the undisputed facts, plaintiff may not recover.

Judgment of the trial court affirmed, with costs.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.