## OAKWOOD HOSPITAL v. TOBIN.

1. JUDGMENT—AMENDMENT—COURT RULE.

Judgment may be amended by court which rendered it where the situation is one provided for by court rule and the procedures follow those set forth by rule (GCR 1963, 528).

2. SAME—AMENDMENT—PROCEDURE.

Motion for satisfaction of judgment is not a proper motion to use to secure amendment of judgment, because it does not notify other party properly of the necessity of meeting arguments claiming error in prior proceedings which resulted in the judgment rendered, sufficient to justify correction of such judgment by the court (GCR 1963, 524, 528).

3. SAME—AMENDMENT—INTEREST.

Amendment by court of judgment to eliminate item of interest on amount due after hearing on motion for satisfaction of judgment *held*, error, where party seeking amendment of judgment did not avail himself of remedies of motion for new trial or motion to amend judgment, and at hearing on motion for satisfaction the judgment holder was not permitted to introduce evidence of creditor's policy with respect to charging interest on overdue accounts (GCR 1963, 524, 527, 528).

4. INTEREST—LIQUIDATED DEBT—CONTRACTS.

Interest on a liquidated debt runs from the date it is due, in the absence of an agreement to the contrary.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 30A Am Jur, Judgments § 629.
[2, 3] 30A Am Jur, Judgments § 713
[4] 30 Am Jur, Interest § 40.

Appeal from Common Pleas Court of Detroit; Stanczyk (Benjamin C.), J.  Submitted Division 1 December 13, 1966, at Detroit.  (Docket No. 2,302.) Decided April 25, 1967.

Declaration by Oakwood Hospital, a nonprofit Michigan corporation, against Arthur R. Tobin on account stated.  Summary judgment for plaintiff. Motion by defendant for entry of order of satisfaction of judgment granted.  Plaintiff appeals. Reversed, and balance due reinstated.

*Liss & Newman*, for plaintiff.

*James Thomson*, for defendant.

LESINSKI, C. J.  Plaintiff appeals the granting of defendant's motion for entry of an order for satisfaction of judgment and the subsequent denial of its motion for rehearing.

The sequence of events which led to defendant's motion for satisfaction of judgment began with plaintiff's complaint, sounding in assumpsit for an account stated, which was filed in common pleas court of Detroit, dated March 12, 1965.  In this complaint plaintiff alleged a principal indebtedness in the amount of $269.05, and interest at 5% or $50.74, for a total due of $319.79.  The defendant's answer, dated March 26, 1965, denied neither an indebtedness to plaintiff nor an interest charge, but contested plaintiff's failure to credit three previous payments which defendant claimed to have made. Plaintiff's motion for summary judgment of April 6, 1965, acknowledged receipt of two $15 payments* and sought $289.79 plus costs and attorney fees,

---

* There is no further mention of a third payment of $15 by the defendant.  We therefore assume that this amount is no longer in dispute.

which was granted on April 13, 1965. Judgment was entered for $289.79 plus $7 in costs and a $15 attorney fee for a total of $311.79.

On February 16, 1966, the defendant filed a motion for entry of order for satisfaction of judgment based on rule 39 of common pleas court and GCR 1963, 524(3), together with exhibits tending to show payment by defendant and acceptance by plaintiff of $20 on April 19, 1965, $219.05 on April 27, 1965, plus a garnishment of $26.33. Plaintiff's answer, dated February 23, 1966, acknowledged the receipt of the $20 and the $219.05, and the amount produced through plaintiff's garnishment action, which plaintiff alleged netted $18.33. Plaintiff stated that when defendant's account was credited with these amounts, there was remaining a balance due of $54.41.

Although the record is devoid of any mention thereof, plaintiff's brief on appeal discusses two subsequent oral arguments, apparently heard without a court reporter. The defendant then sought to subpoena various records of plaintiff, as plaintiff's motion to quash service of subpoena *duces tecum,* which was denied, is a part of the record. The only transcript provided this Court was that of the April 1, 1966, examination of plaintiff's agent who produced the records sought by defendant, and the argument which followed this witness' testimony. These records were introduced to show that plaintiff hospital had not contemplated the charging of interest prior to the institution of suit, as a notation on the hospital's record card showed a balance of zero after the April, 1965 payment of $219.50. The April 5, 1966, order which granted defendant's motion for entry of order for satisfaction of judgment was premised on a determination below that at the time the parties entered into the transaction there was no agreement to pay interest, and that based

upon the hospital records admitted into evidence at the hearing on the motion, the plaintiff's demand for interest was an afterthought.

Plaintiff's appeal is based on the principle of *res judicata.* Plaintiff contends that where defendant was personally served, and subsequently appeared and answered plaintiff's complaint, and a summary judgment was entered in plaintiff's favor, that the trial court may not look behind this judgment and require testimony as to an element of damages claimed by the plaintiff, and previously uncontested by the defendant. To the defendant, the question on appeal is merely one of whether the court has a right to amend its judgment—which defendant asserts to be the effect of the proceedings below; the defendant would answer the question in the affirmative.

There is no question of the court's right to amend its judgment in an instance where the situation is one provided for under GCR 1963, 528, and the procedures follow those set forth under that rule. However, to make this self-evident statement is not to determine the issues here. Instead, it spotlights the deficiencies in defendant's reasoning. Defendant relies on Rule 528, *supra,* on appeal, but, according to the available record, made no mention of it below. Defendant did not make a motion for relief from a final judgment under GCR 1963, 528.3, which reads in part:

"On *motion* and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under subrule 527.2; (3) fraud (whether heretofore

denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." (Emphasis supplied.)

Instead, defendant's motion was predicated on GCR 1963, 524(3), dealing with the satisfaction of judgments. Had the defendant brought his motion under Rule 528, *supra*, the plaintiff would have been properly notified of the necessity to prepare counter arguments to a claim by the opposing party of an error in the prior proceedings sufficient to justify correction by the court under the provisions of the cited rule. Instead, the defendant chose to rely on Rule 524(3), *supra*, which reads:

"A judgment may be shown satisfied of record in whole or in part in accordance with the following methods:   *   *   *
"(3) Filing with the clerk a motion for entry of an order of the court finding the judgment to have been satisfied. The court shall hear proofs to determine whether or not such an order should be entered."

This rule provides for a hearing procedure to permit the court to determine if the *judgment* has been satisfied. This is *not* a hearing to determine if there was error in the adjudication *which resulted* in the judgment, and for which the moving party seeks entry of an order showing its satisfaction. Neither is Rule 524(3) procedure a substitute for a new trial or an appellate review.

The defendant also contends that under Michigan law the court may correct the record and judgment

on its own motion. For this argument defendant relies heavily upon *L. & S. Bearing Company* v. *Morton Bearing Company* (1959), 355 Mich 219. The factual situation in *L. & S. Bearing* differed materially from that of the instant case, and hence makes the reasoning therein inapplicable here. The trial judge in *L. & S. Bearing* treated a motion for a new trial as one in the nature of a motion to vacate the judgment. The Michigan Supreme Court commended the trial judge at p 225 for "courageously acknowledging his earlier error and hacking his way straight through the procedural underbrush to the only goal possible in this litigation." The Court was careful to follow this praise with these statements, in the next paragraph:

"The only thing appellant has been denied in this case is the opportunity unnecessarily to prolong this litigation. If the trial judge erred in taking his 'short cut' to a just end (and we think that he did not) the lack of ambiguity in the contract rendered any such error without prejudice. Properly tried, a dozen new trials would not have changed the result in this case."

The mere recital of this language distinguishes the *L. & S. Bearing Case* from the one before us. In the instant case, plaintiff appellant does not seek to prolong litigation; and more important, was materially prejudiced by the court's attempted "short cut"—if the action below can be so categorized. This prejudice is apparent not only from the fact discussed above that the plaintiff was denied notice of the rule in effect relied upon, but also from the fact that the trial judge, at the hearing on defendant's motion, sustained defendant's objections to plaintiff's attempts to establish hospital policy and thus discredit the legal effect of the entries on the

hospital records. These entries were the basis for the granting of defendant's motion.

Therefore, the issue we must determine here is whether it was permissible for the court to employ the machinery of one court rule (528), where a motion was brought under another (524), to correct an alleged error in a previous judgment, where to do so would prejudice the rights of the opposing party. To state the issue is to answer it. We hold that it cannot.

It is well-settled law that, in the absence of an agreement to the contrary, interest on a liquidated debt runs from the date it is due. In the instant case, the interest sought on such a liquidated debt was set forth in the initial complaint. The defendant was personally served; the defendant appeared and answered the complaint, admitting in effect that the debt was liquidated. In the subsequent hearing on the motion for entry of an order for satisfaction of judgment, he alleged an agreement to waive interest. There was a final judgment for an amount which included both principal and interest from which no appeal was taken. The record discloses no demand for a new trial and the further remedy of relief from judgment provided by Rule 528, *supra,* was not sought. As the defendant did not avail himself of any of the above-mentioned remedies for relief from the judgment, he could not avail himself of another procedure—namely a motion for the entry of an order declaring the satisfaction of judgment— to accomplish a result not within the contemplation of the rule and to the prejudice of the opposing party who held a valid judgment against him. The procedure at the hearing which permitted only the introduction of proof to show an alleged error in the previous proceedings—namely that there was an agreement to waive interest which was not recog-

nized in the previous proceedings—rather than to show satisfaction of the judgment, constituted prejudicial error.

A close reading of the transcript of the hearing reveals that there was a dispute over some 3 to 4 dollars in additional interest and a previous overpayment as to certain costs which was resolved by defendant's payment of the disputed amount to plaintiff. Therefore, the amount due, as reinstated, is the $50.74 originally claimed as interest.

Reversed. Balance due reinstated. Costs to appellant.

BURNS and LEVIN, JJ., concurred.