## Dennis J. Campau v. William Coates.

*Circuit Courts: Vacation of judgment.* The power of the Circuit Court to set aside a judgment, is not confined in its exercise to the same term at which the judgment was rendered — *12 Mich. 449* — and where it possesses such power it is usually a discretionary one and can not be reviewed.

*Circuit Courts: Writ of possession wrongfully issued.* Where the Circuit Court set aside a judgment, and writ of possession issued thereon under which certain premises had been seized, *held*, that it was authorized also to restore the possession of the premises so seized.

It is a sound rule of practice that, when the process of a court has caused an abuse, and no innocent party has obtained rights under it, the court, in setting aside the process, may restore what it has wrongfully seized.

*Heard July 10th. Decided July 13th.*

*Certiorari* to Wayne Circuit.

This was a proceeding commenced before a Circuit Court Commissioner to recover possession of certain premises, and removed to the Circuit Court on appeal.

Judgment was rendered in favor of plaintiff below.

The facts are stated in the opinion.

*Levi Bishop,* for plaintiff.

It has been hinted that the order of which we complain was in the discretion of the court. This certainly is not a tenable position. Our judgment was regular. No complaint was made of it. The parties stipulate that the execution upon it shall be stayed till another suit is determined. That suit is determined by a non-suit, granted by the court, on demand of the defendant himself. Thus the agreement and stipulation of the parties gives us our writ of execution on our judgment, and the possession of our property. There was no discretion here. The acts and agreement of the parties settled their rights and excluded all discretion in the case. The case therefore does not come within the rule of *12 Mich. 449, 451.*

A final judgment can not be disturbed after the term is closed at which it is rendered. At least the steps to set

aside a judgment should be taken during that term. Then we should know, as the books say we have a right to know, when a suit at law is finally determined.

Where a case had been tried at *nisi prius,* if a motion was not made for a new trial, or in arrest of judgment, within the first four days of the court in banc at its next term, judgment was entered up at that term, and then the matter was forever closed so far as that court was concerned. *3 Blackstone, 386, 395, 398 406, 412; 12 Mich. 459.*

The practice has sometimes been indulged in this state, of setting judgments aside after the term was closed at which they were entered; but it is certainly a most dangerous practice, and ought not to be favored.

*C. J. O'Flynn,* and *S. T. Douglass,* for defendant.

If there was jurisdiction, whether the order should be made, it was matter of discretion in the court, and as such, not subject to review in this court. — *1 Doug. 106; 2 Mich. 404; 4 Id. 336; 12 Id. 449.*

The general jurisdiction of the Circuit Courts to set aside their own judgments can not be questioned.

The lapse of the term in which the judgment was rendered did not deprive the court of such jurisdiction. — *2 Mich. 133; 5 Id. 30; 12 Id. 449.*

Nor the circumstance that the judgment had been executed by service of the writ of possession. — *12 Mich. 449.*

It was properly made a part of the order vacating the judgment that the defendant should be restored to the possession of the premises. — *Green's Pr. 196; 1 Burr. Pr. 292; 2 Tidd. Pr. 935, 936, 937; 15 Wis. 289; 15 Lou. Ann. 97; Yelv. 179.*

And that the sheriff should execute this part of the order. — *1 Comp. L. § 417.*

CAMPBELL J.

Campau having obtained a judgment in the Wayne Circuit Court in a case of proceedings on appeal to obtain the possession of lands under the landlord and tenant act, the court, at a subsequent term, set aside the judgment, and ordered restitution of the premises which had been obtained a few days before upon process issued on the judgment. This action is brought before us on certiorari.

We have heretofore held that the power of the court to set aside a judgment is not confined in its exercise to the same term at which the judgment was rendered. — *Van Rensselaer v. Whiting, 12 Mich. 449.* It is also a well settled principle that an appellate court can not review the discretionary act of another tribunal acting within its jurisdiction, and therefore we can not inquire into the propriety of the order setting aside the judgment. If we could do so, it would not change our decision.

We also think the court was authorized to restore possession of the premises seized under the writ which was quashed. As a possessory writ, under which no new rights had accrued, there could be no propriety in allowing it to work a wrong without remedy, and it is a sound rule of practice that where the process of the court has caused an abuse, and no innocent party has obtained rights under it, the court, in setting aside the process, may restore what it has wrongly seized. The authorities cited by counsel sustain this view, which seems necessary to prevent a failure of justice.

The proceedings must be affirmed, with costs. An application was made for double costs, but, as the question concerning the power to order a restoration of property is a new one in this state, we can not regard the appeal as legally frivolous, and we are hardly at liberty to inquire into the general merits.

The other Justices concurred.