L. & S. BEARING COMPANY *v.* MORTON BEARING COMPANY.

1. TRIAL—MOTION FOR DIRECTED VERDICT.
   A case is presented for determination by the trial judge himself when both parties to an action at law move for a directed verdict.

2. CONTRACTS—MANUFACTURE OF BEARINGS—COST OF MATERIALS—AMBIGUITY.
   An offer to make certain bearings for a stated sum each conditioned upon offeree's authorization to offeror to purchase material for certain parts at a total cost to offeree ,in a stated sum, which offer was accepted by a purchase order in the language of the offer stating the cost of the specified materials was in addition to the price for manufacturing the bearings *held,* to have effected a contract that was not ambiguous.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 341 *et seq.*
[2–4] 12 Am Jur, Contracts § 229.
[3] 12 Am Jur, Contracts §§ 227, 229.
[4] 12 Am Jur, Contracts § 249.
[5, 7, 8] 30A Am Jur, Judgments §§ 629 *et seq.*, 664.
[6, 9] 30A Am Jur, Judgments § 632.
[7] 31 Am Jur, Jury § 20 *et seq.*
[8] 30A Am Jur, Judgments § 648.
[9] 39 Am Jur, New Trial § 201.
[10] 30A Am Jur, Judgments § 726.

3. Same—Construction—Evidence.

The intention of the parties to a written contract, as expressed on the face thereof, must be followed and extraneous matter will not be considered, where the contract is not ambiguous.

4. Same—Construction—Ambiguity.

Practical interpretation by the parties of a written contract can only be regarded where the contract is of doubtful or ambiguous meaning.

5. Judgment—Setting Aside by Trial Court.

A trial court which has entered a judgment in an action at law may, either *sua sponte* or on the motion of a party, open, vacate or set aside a judgment inadvertently entered or for an error in law.

6. Same—Setting Aside.

It was not an abuse of discretion on the part of the trial court to set aside a judgment which had been entered as the result of an error and then enter a judgment for the opposite party, where no rights of third parties had intervened.

7. Jury—Question of Fact.

There is no abiding right to a trial by jury, where there is no question of fact to be determined.

8. Judgment—Setting Aside—Term of Court.

The power of a court to set aside a judgment is not confined in its exercise to the same term at which the judgment was rendered (CL 1948, § 622.2; Court Rule No 47, § 1 [1945]).

9. New Trial—Discretion of Court.

The trial court's failure to expressly grant or deny a new trial, but treat a motion for a new trial as a motion to vacate judgment entered, *held*, not an abuse of discretion.

10. Judgment—Great Weight of Evidence.

Judgment of trial court entered upon reconsideration of case after vacation of judgment previously entered *held*, not against the great weight of the evidence.

Appeal from Washtenaw; Dehnke (Herman), J., presiding. Submitted October 14, 1958. (Docket No. 53, Calendar No. 47,189.) Decided January 12, 1959.

Action by L. & S. Bearing Company, a foreign corporation, against Morton Bearing Company, a Michigan corporation, for balance of contract price for manufactured items. After judgment for defendant, a motion for new trial was treated as a motion for reconsideration and judgment was set aside. Judgment for plaintiff. Defendant appeals. Affirmed.

*Ledru E. Davis,* for plaintiff.

*Roscoe O. Bonisteel* and *Roscoe O. Bonisteel, Jr.,* for defendant.

Voelker, J.   This case involves the interpretation of a contract consisting of a letter from plaintiff to defendant and a return purchase order from the defendant to the plaintiff. The relevant portions of the contract are:

(1.) Letter from plaintiff:

*"Dear Mr. Morton,*

"Confirming our telephone conversation of yesterday, we can manufacture the 39,000 #RS-5305-W bearings for you at a price of 73.6¢ each, f.o.b. Ann Arbor, Michigan, subject to the following conditions:
 *    *    *

"2. You will authorize us to purchase, for your account, all material required to manufacture the rollers, stake-pins and end-plates at a total cost to you of 13.3¢ per bearing."

(2.) Purchase order from defendant:

"Make and assemble 39,200 RS-5305W for approval on ordnance part No. 707727 drawing No. CAMX1.4 coated with rust preventive oil and shipped in bulk in containers for satisfactory arrival at our plant at $0.736 fob our plant.

"In addition to above price we will supply the following materials:   *   *   *

"4. You are authorized to purchase for our account material for roller, stake pins and end plates at a total cost to us of 13.3¢ per bearing."

The question is: Must the defendant pay 73.6¢ per unit, in addition to the material charge of 13.3¢ per unit that was previously charged to it (as plaintiff claims), or must he instead pay 73.6¢ minus the material charge (as defendant claims)? Considerable evidence was presented on both sides in the trial court. Upon the conclusion of proofs both parties moved for a directed verdict, without reservation, thus causing the judge to dismiss the jury and decide the case himself. The court then ruled that the contract was ambiguous and upon the evidence presented entered judgment for the defendant.

Plaintiff made a timely motion for a new trial, which the defendant resisted. After hearing thereon the trial judge decided to treat plaintiff's motion as one to reconsider his previous judgment. To this end he said:

"Plaintiff thereupon filed a motion called a motion for a new trial. Inasmuch, however, as the basis of the motion was the claim that the court had erroneously held the contract to be ambiguous, the motion could more appropriately be called one for reconsideration of the main issue and the decision thereon, and will be so considered by the court."

Upon reconsideration the judge set aside his previous judgment and entered a new one finding for the plaintiff. In his opinion he said, in substance, that upon reflection he now considered that the contract was not ambiguous, after all, and that he had been led into error in his previous decision by erroneously considering the oral evidence presented at the trial.

Defendant on its own part then made a motion for new trial alleging certain errors by the trial court.

The trial court denied this motion in an opinion filed December 5, 1956, and this appeal has resulted.

Michigan Court Rule No 66, § 6 (1945)* provides that when error is claimed in the denial of a motion for new trial we shall review the decision of the trial court. Appellant lists several questions that are involved in this appeal which we shall discuss in the order presented.

First, is the contract in question ambiguous? As noted, the plaintiff offered to make the bearings in question for 73.6¢ each, *"subject to the following conditions."* (Emphasis added.) It then outlined several conditions, the following included:

"2. You will authorize us to purchase, for your account, all material required to manufacture the rollers, stake-pins and end-plates at a total cost to you of 13.3¢ per bearing."

We do not think this offer is ambiguous. If the plaintiff had intended to pay for all the material there would scarcely have been any point in including the above-quoted condition. Even had there been any ambiguity in the offer we think the defendant's acceptance finally dissipated it when, after describing the bearings and stating the 73.6¢ price, the purchase order said: *"In addition* to above price we will supply the following materials." (Emphasis added.) That list included:

"4. You are authorized to purchase for our account material for roller, stake pins and end plates at a total cost to us of 13.3¢ per bearing."

We think that the words "In addition to the above price" (73.6¢) can hardly be reasonably interpreted to mean 73.6¢ per unit minus 13.3¢ as contended by appellant. On this we quote with approval from

* As added October 30, 1956, effective January 2, 1957.   347 Mich xxi.—Reporter.

the opinion of the trial judge where he aptly re-marked:

"Another little point is this—that if it had been expected that the plaintiff would provide these par-ticular materials listed under item 4, it would not have been interested in a maximum price to be paid for them. It would have been sufficient to say that if we pay for those items, whatever the cost is will be subtracted from 73.6¢."

Having determined that the contract is not am-biguous we have, in essence, also answered appel-lant's second question, that is: Is the interpretation of the contract subject to the subsequent acts of the parties? In Michigan the law is clear that where a written contract is not ambiguous the intention of the parties as expressed on the face thereof must be followed and extraneous matter will not be con-sidered. See *Michigan Chandelier Co.* v. *Morse*, 297 Mich 41, 48:

"Practical interpretation by the parties can only be regarded where the contract is of doubtful or am-biguous meaning. Extraneous evidence is not allow-able to interpret a writing which has no need of interpretation."

Appellant's third allegation of error is that the trial judge did not have authority to convert the motion for new trial into a motion for reconsidera-tion. We agree with appellant to the extent that we know of no specific statute or court rule that ex-pressly gives the trial court the authority to do that particular act. Notwithstanding we submit that a trial judge must do many things which he is not expressly authorized to do. In the absence of plain provisions to the contrary we are reluctant to hobble him from doing that which ought sensibly to be done. To have granted a new trial in this case would have been blindly to follow a possible procedural path to

absurd lengths. It would have benefited neither party, but would rather have only further congested the docket of an already overburdened court.

It is apparent that the trial court treated the plaintiff's motion for a new trial in the nature of a motion to vacate the judgment. Even without any action whatever by the plaintiff the court had a discretionary right on its own motion to open, vacate or set aside a judgment inadvertently entered or for an error in law. (See *Strausser* v. *Sovereign Camp of the Woodmen of the World*, 283 Mich 370, and cases therein cited.) The rule is well stated in 7 Callaghan's Michigan Pleading and Practice, § 45.13:

"If the court recognizes, or can be brought to recognize, during the period of its continued control over its judgment or decree, that the decree is wrong because of erroneous understanding or application of the law, it can, instead of remitting the injured party to his remedy by way of appeal, vacate or appropriately modify the decision or entry, provided no rights of third persons will be prejudiced thereby."

We think the learned trial judge is to be commended for courageously acknowledging his earlier error and hacking his way straight through the procedural underbrush to the only goal possible in this litigation. We find no abuse of discretion.

But, counters the appellant, this "short cut" has denied it its right to trial by jury. On this point we observe only that where there is no question of fact to be determined, as here, there is no abiding right to trial by jury. The only thing appellant has been denied in this case is the opportunity unnecessarily to prolong this litigation. If the trial judge erred in taking his "short cut" to a just end (and we think that he did not) the lack of ambiguity in the contract rendered any such error without prejudice. Proper-

ly tried, a dozen new trials would not have changed the result in this case.

Appellant next argues that the trial judge had no authority to render an opposite judgment after the expiration of the term of court in which the original trial judgment was rendered. That this is not the law of Michigan, see *Campau* v. *Coates,* 17 Mich 235, 237, where this Court said:

"We have heretofore held that the power of the court to set aside a judgment is not confined in its exercise to the same term at which the judgment was rendered."

We further note that Court Rule No 47, § 1 (1945), as amended in 1956,* allows a motion for new trial within 20 days from the entry of judgment and CL 1948, § 622.2 (Stat Ann § 27.1433) allows the trial court to set aside a judgment if a motion to that effect is filed within 1 year. An acceptance of appellant's argument would not only reverse our prior holdings but would also be inconsistent with the above-cited statute and court rule.

We further note (although it is not controlling of this opinion) that this case was carried into the succeeding term by stipulation of the parties for the purpose of filing briefs, et cetera. We doubt that appellant upon reflection would want us to rule that he could agree to an extension of time and then claim error in the action of the trial court because of that extension.

Appellant's fifth question is: Should the trial court have either granted or denied the plaintiff's motion for new trial? This question was adequately discussed above in question 3. We can see no possible prejudice or injury to the defendant—and none has been pointed out to us—in the court's failure expressly to grant or deny plaintiff's motion for a new trial.

---

* See 347 Mich xv.—Reporter.

Appellant's final question on this appeal is whether the judgment of the trial court on reconsideration was against the great weight of the evidence. We have already said and held that we agree with the trial judge that the contract was not ambiguous and was therefore not subject to extraneous evidence. Once the contract was properly admitted in evidence and was found to be unambiguous, there was really no other evidence to weigh. The action of the trial judge was proper.

Judgment affirmed, costs to appellee.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Edwards, and Kavanagh, JJ., concurred.