MAYER v AUTO-OWNERS INSURANCE COMPANY

Docket No. 60929. Submitted February 9, 1983, at Grand Rapids.—
Decided July 7, 1983.

Donald L. and Carolyn Mayer owned several farms which were
covered by a fire insurance policy issued by Auto-Owners
Insurance Company. One of the farms suffered a devastating
fire. Auto-Owners paid a total of $314,657 on the claim of loss
but refused to pay additional claims in the amount of $180,000.
The Mayers brought a multicount action in Branch Circuit
Court against Auto-Owners Insurance Company, Hathaway
Agency, Inc., the agency through which they had secured the
fire insurance coverage, and Robert B. Kirkpatrick, present
owner of the Hathaway Agency and the agent who had handled
the securing of the policy in force at the time of the fire.
Plaintiffs claimed Kirkpatrick was negligent in handling plain-
tiffs' insurance program by failing to properly assess the value
of plaintiffs' property, which resulted in inadequate coverage,
and in failing to apprise plaintiffs that the fluctuating value
coverage which he recommended was specific commodity cover-
age rather than blanket coverage. Plaintiffs further claimed
that the language of the fluctuating value coverage endorse-
ment was ambiguous. Following a bench trial, Thomas C.
Megargle, J., held for the defendants, holding that Kirkpatrick
was an agent of Auto-Owners, that Kirkpatrick had no duty to
assess the value of plaintiffs' property, that Kirkpatrick had

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 76.
  76 Am Jur 2d, Trial § 1267.
  Formal requirements of judgment or order as regards appealability.
    73 ALR2d 250.
[2] 43 Am Jur 2d, Insurance § 113.
[3] 3 Am Jur, Agency §§ 68, 153.
[4] 5 Am Jur 2d, Appeal and Error §§ 840, 841.
  76 Am Jur 2d, Trial § 1239.
  81 Am Jur 2d, Witnesses § 658.
  Credibility of witness giving uncontradicted testimony as matter for
    court or jury. 62 ALR2d 1191.
[5] 43 Am Jur 2d, Insurance §§ 269, 271.

not misrepresented the nature of the fluctuating value coverage, and that the language of the fluctuating value coverage endorsement was not ambiguous. Plaintiffs appeal. *Held:*

1. Findings of fact by a trial judge sitting without a jury will not be disturbed on appeal unless clearly erroneous.

2. While the trial judge was clearly in error in his determination that Kirkpatrick, an independent insurance agent, was the agent of Auto-Owners rather than plaintiffs, such error does not mandate reversal since it cannot be said that the trial judge's finding that Kirkpatrick was under no obligation to evaluate plaintiffs' property was not clearly erroneous.

3. The question of whether Kirkpatrick misrepresented the nature of the fluctuating value coverage turned on the assessment of the credibility of the witnesses. The trial judge's assessment of credibility will be given great weight. There is nothing in the record to mandate disturbing the trial judge's determination.

4. The trial judge did not err in determining that the language of the endorsement for the fluctuating value coverage was not ambiguous.

Affirmed.

1. Trial — Bench Trial — Findings of Fact — Appeal.
    Findings of fact made by a trial court sitting without a jury will not be disturbed on appeal unless the findings of fact are clearly erroneous (GCR 1963, 517.1).

2. Insurance — Agency — Independent Insurance Agent.
    An independent insurance agent, or insurance broker, is ordinarily the agent of the insured rather than the insurer.

3. Agency — Negligence — Scope of Agency.
    The question of whether an agent has negligently dealt with the affairs of the principal depends upon the agreement with the principal, since the agency agreement defines the scope of the agent's undertakings.

4. Trial — Bench Trial — Witnesses — Credibility — Appeal.
    The Court of Appeals gives great weight to the trial court's assessment of the witnesses' credibility in an appeal of an action tried without a jury.

5. Insurance — Insurance Contracts — Ambiguous Language — Judicial Construction.
    Ambiguous language in an insurance contract is always construed against the insurer; however, the question of whether an

ambiguity exists is for the court to decide; in deciding whether an ambiguity exists the court may consider extrinsic facts.

*Stanley, Davidoff & Gray, P.C.* (by *L. W. Gray*), for plaintiffs.

*Piatt & Doyle* (by *John D. Doyle*), for Auto-Owners Insurance Company.

*Biringer, Jacox & Hutchinson, P.C.* (by *Richard F. Biringer*), for Hathaway Agency, Inc., and Robert B. Kirkpatrick.

Before: R. M. MAHER, P.J., and R. B. BURNS and P. J. MARUTIAK,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the trial court's judgment of no cause of action rendered after a bench trial.

Plaintiff Robert Mayer is a professional farmer of gladiolus. On April 9, 1979, one of plaintiffs' farms suffered a devastating fire. Plaintiffs had been insured with defendant Hathaway Agency since 1974. Defendant Robert Kirkpatrick purchased the agency in 1976. Plaintiffs were insured through defendant Auto-Owners. After the fire Auto-Owners paid plaintiffs $301,000 and later authorized an additional $13,657 to cover loss of irrigation equipment. However, a loss of $180,000 was not covered by plaintiffs' policy.

Plaintiffs raise three issues on appeal.

First, plaintiffs claim that the trial court erred in finding that Kirkpatrick was the agent of Auto-Owners and erred in finding that he was not negligent in handling plaintiffs' insurance program. We cannot disturb these findings unless they are clearly erroneous. GCR 1963, 517.1.

---

* Circuit judge, sitting on the Court of Apepals by assignment.

At trial, Kirkpatrick testified that he was an independent insurance agent and had the power to place insurance with various companies. An independent insurance agent, or insurance broker, is ordinarily the agent of the insured, not the insurer, 16 Appleman, Insurance Law & Practice, § 8722, pp 322-324.. Kirkpatrick testified that he acted as the agent of the insured. Thus, we conclude that the trial court clearly erred in finding that Kirkpatrick was the agent of Auto-Owners.

The court, however, did not clearly err in holding that Kirkpatrick was not negligent in handling plaintiffs' insurance program. This issue may be analyzed under agency principles. Whether an agent has negligently dealt with the affairs of the principal depends upon the agreement with the principal, since the agreement defines the scope of the agent's undertaking. 2 Restatement 2d, Agency, § 376, comment *a,* p 173. Plaintiffs alleged that Kirkpatrick failed to valuate properly plaintiffs' buildings, personal property and commodities, resulting in inadequate insurance coverage. Kirkpatrick testified, however, that he never agreed to assume responsibility for assessing the value of these items. The testimony also shows, and the court so found, that Donald Mayer is an experienced businessman who would not assign the task of valuating his property to someone else. In light of this evidence, we cannot conclude that the trial court clearly erred in finding that Kirkpatrick was not negligent in handling plaintiffs' insurance program.

Second, the plaintiffs maintain that the trial court clearly erred in finding that Kirkpatrick had not misrepresented the nature of the fluctuating value coverage program. Donald Mayer testified that Kirkpatrick told him that this program would provide "blanket coverage" for items that fluctu-

ate. Kirkpatrick steadfastly maintained that Donald Mayer was aware that he had specific commodity coverage. Resolution of this factual issue depended upon the trial court's assessment of the witnesses' credibility. We give great weight to the trial court's assessment of credibility and, on this record, perceive no reason for disturbing the court's decision to believe Kirkpatrick's testimony.

Finally, plaintiffs argue that the trial court erred in finding that the language of the fluctuating value coverage endorsement was not ambiguous. Although ambiguous language in an insurance contract is always construed against the insurance company, *Zurich Ins Co v Rombough,* 384 Mich 228; 180 NW2d 775 (1970), the question of whether an ambiguity exists is for the court, which may consider extrinsic facts. 17A CJS, Contracts, § 617, pp 1254-1256; *Dykema v Muskegon Piston Ring Co,* 348 Mich 129; 82 NW2d 467 (1957).

The only evidence tending to show ambiguity was Donald Mayer's own testimony that he believed fluctuating value coverage to be nothing more than blanket coverage for fluctuating items. Against this testimony must be weighed Donald Mayer's evident business acumen, his facility in adjusting his insurance needs periodically over the years in question, the specific language of the policy, the language of the endorsements referring to fluctuating inventory, Donald Mayer's periodic alterations of his fluctuating value coverage, and Kirkpatrick's own testimony that Donald Mayer knew exactly what he was getting. On this record, we cannot find that the trial court erred in ruling that the endorsement in question was not ambiguous.

Affirmed. Costs to appellees.