FRANKENMUTH MUTUAL INSURANCE COMPANY, INC v
EURICH

Docket No. 85079. Submitted May 7, 1986, at Lansing. Decided June
17, 1986. Leave to appeal denied, 426 Mich —.
    Defendant Ray Eurich is a plumbing, heating and building con-
    tractor. In 1973, he began construction of the River Greens
    office complex. He purchased from Frankenmuth Mutual Insur-
    ance Company, Inc., a commercial insurance policy, which
    included coverage for comprehensive general liability. The term
    of the policy ran from October 1, 1973, to October 1, 1976. On
    June 2, 1976, the completed structure was sold to George and
    Linda Schanz. On June 3, 1976, Eurich wrote across the face of
    an insurance premium installment billing that he had sold the
    building and requested that the policy be discontinued. On
    February 12, 1979, the office complex was completely destroyed
    by fire. New Hampshire Insurance Group, a subrogee of George
    and Linda Schanz, filed suit against Eurich and others in early
    1981, alleging that Eurich did not comply with applicable fire
    code provisions or that he designed and built an office complex
    which was not firesafe. On April 17, 1981, Frankenmuth wrote
    Eurich a letter acknowledging it had received a copy of the
    summons and had referred the matter to local counsel "[i]n
    accordance with our duty to defend you under the terms of
    your policy with us." The letter also advised him that he might
    wish to retain his own counsel to consult with the firm selected
    by plaintiff because the suit claimed damages in excess of the
    policy limits. A second letter, dated August 3, 1981, advised
    Eurich of additional pending suits in which he was involved. In
    that letter, plaintiff, Frankenmuth, reserved the right to deny
    coverage, claiming that the fire occurred after the policy period
    expired and that the "products hazards—completed operations
    hazards" exclusion precluded coverage. However, plaintiff con-
    tinued to represent Eurich pending further investigation.
    Frankenmuth brought an action in the Saginaw Circuit Court

REFERENCES
Am Jur 2d, Insurance §§ 1331, 1334, 1883-1885.
See the annotations in the ALR3d/4th Quick Index under Insur-
    ance.

against Eurich and others seeking a determination that it had no duty to defend Eurich or to provide coverage. The policy was an occurrence type policy. The court, Joseph R. McDonald, J., granted plaintiff a summary judgment, holding that the fire occurred outside the policy term and that consequently plaintiff's policy provided Eurich no coverage. Eurich appealed. *Held:*

1. Responsibility accrues under an indemnity policy at the time when the complainant is damaged rather than at the time of the negligent act; thus, there was no coverage for an accident in which the insured committed the negligent act while the insurance policy was in effect but the resulting accident and damages did not occur until after the policy had been cancelled.

2. Plaintiff acted properly in defending Eurich until such time as the question of its duty to defend was resolved.

Affirmed.

INSURANCE — ACCRUAL OF RESPONSIBILITY — TIME OF OCCURRENCE.

Responsibility accrues under an indemnity policy at the time when the complainant is damaged rather than at the time of the negligent act; thus, there was no coverage for an accident in which the insured committed the negligent act while the insurance policy was in effect but the resulting accident and damages did not occur until after the policy had been cancelled.

*Douglas I. Buck,* for plaintiff.

*Martin & Martin* (by *Walter Martin*), for defendant Eurich.

Before: CYNAR, P.J., and R. B. BURNS and F. X. O'BRIEN,* JJ.

PER CURIAM. Defendant Ray Eurich appeals as of right from an order of summary judgment by the Saginaw County Circuit Court declaring that plaintiff, Frankenmuth Mutual Insurance Company, Inc., had no duty to defend defendant or provide him coverage for damages arising out of a fire. Prior to entry of the order, the trial judge

---

* Circuit judge, sitting on the Court of Appeals by assignment.

issued a three-page opinion, setting forth the basis of his decision.

The facts are not in substantial dispute. Defendant Eurich is a plumbing, heating, and building contractor. In 1973, he began construction of the River Greens office complex. He purchased from Frankenmuth a commercial insurance policy which included coverage for comprehensive general liability. The term of the policy ran from October 1, 1973, to October 1, 1976. On June 2, 1976, the completed structure was sold to George and Linda Schanz. On June 3, 1976, Eurich wrote across the face of an insurance premium installment billing that he had sold the building and requested that the policy be discontinued.

On February 12, 1979, the office complex was completely destroyed by fire. From the ashes arose several lawsuits in which Eurich was named as a principal defendant or as a third-party defendant. The suits alleged that Eurich did not comply with applicable fire code provisions or that he designed and built an office complex which was not firesafe.

New Hampshire Insurance Group, a subrogee of George and Linda Schanz, filed suit against Eurich and others in early 1981. On April 17, 1981, Frankenmuth wrote Eurich a letter ackowledging it had received a copy of the summons and had referred the matter to local counsel "[i]n accordance with our duty to defend you under the terms of your policy with us." The letter also advised him that he might wish to retain his own counsel to consult with the firm selected by plaintiff because the suit claimed damages in excess of the policy limits.

A second letter, dated August 3, 1981, advised Eurich of additional pending suits in which he was involved. In that letter, plaintiff, Frankenmuth, reserved the right to deny coverage, claiming that

the fire occurred after the policy period expired and that the "products hazards—completed operations hazards" exclusion precluded coverage. However, plaintiff continued to represent Eurich pending further investigation.

Plaintiff thereafter filed the instant declaratory action, seeking a determination that it had no duty to defend Eurich or to provide coverage. Plaintiff then brought a motion for summary judgment, pursuant to GCR 1963, 117.2(3), now MCR 2.116(C)(10). Eurich asserted that the insurance agent from whom he had purchased the policy had represented that the policy provided "full coverage" and did not inform him about the exclusion. Eurich also alleged that plaintiff's initial representation that it was obliged to defend him estopped plaintiff from now asserting that it had no obligation to provide coverage or defend under the terms of the insurance contract. The judge denied plaintiff's motion without prejudice, stating that there were questions of fact which should be developed before he could consider granting summary judgment.

On October 15, 1984, a hearing was conducted on plaintiff's renewed motion for summary judgment. The trial judge, thereafter, issued an opinion, finding that the fire had occurred outside the policy term and that consequently plaintiff's policy provided Eurich no coverage. An order to that effect was entered, which listed the circuit court docket numbers of eleven pending suits against Eurich in which the trial court concluded plaintiff had no duty to defendant. Eurich now appeals and we affirm.

The insurance policy at issue in this case is an "occurrence" type policy. That is, a policy holder is covered for claims which arose during the term of the policy. This is in contrast to a "claims made"

type of policy in which coverage is provided for those claims which are discovered and brought against the insurer during the term of the policy.[1] Thus, in the case at bar, plaintiff has a duty to defend and provide coverage if, and only if, the alleged act or misdeed which constitutes the basis for Eurich's liability occurred during the time the policy was in effect. There is no dispute that the policy came into existence on October 1, 1973, and continued until June 3, 1976, when Eurich voluntarily cancelled the policy because of the sale of the building. Furthermore, it is not disputed that the fire occurred in 1979.

The question we are presented with is whether the "occurrence" of Eurich's negligent act was sometime between 1973 and 1976, when he constructed the building,[2] or in 1979, when the fire occurred. We conclude it is the latter. In *Moss v Shelby Mutual Ins Co,* 105 Mich App 671; 308 NW2d 428 (1981), this Court concluded that an accident or occurrence occurs when the injuries arise. In *Moss,* a wooden deck was constructed on a home in 1966. The deck collapsed in 1973, injuring a number of people. Suit was brought against the construction company alleging negligent construction. The *Moss* Court concluded that the "occurrence" occurred in 1973 and that the 1966 insurer of the construction company was not liable under the "occurrence" type liability policy.

Similarly, in *Employers Mutual Liability Ins Co of Wisconsin v Michigan Mutual Auto Ins Co,* 101 Mich App 697; 300 NW2d 682 (1980), this Court concluded the occurrence was the date of the accident, not the date the negligent act was performed which gave rise to the subsequent accident.

[1] See *Stine v Continental Casualty Co,* 419 Mich 89, 96-100; 349 NW2d 127 (1984), for a discussion comparing the two types of policies.

[2] As indicated above, the claims against Eurich are based upon his allegedly improper construction of the building.

We find these cases to be applicable to this case. The fire occurred in 1979, which is the relevant occurrence date for purposes of the insurance policy at issue. Since the policy was not in effect in 1979, plaintiff is not liable on the policy and has no duty to defend.

Before concluding, however, we wish to briefly address two specific challenges defendant makes to the grant of summary judgment. First, Eurich argues that there is an issue of fact concerning whether the fire comes within a policy exclusion for completed operations and products hazards, as was the case in *Moss, supra.* He alleges that, when he purchased the policy, he told his insurance agent that he wanted "full coverage." However, what coverage or what exclusions the parties negotiated is of no concern to this case. Whatever coverage he purchased ended in June, 1976, when he cancelled the policy. While it may well be that, had he continued the policy, the fire would have been covered, the undisputed fact remains that Eurich did not continue the policy.

Next, Eurich argued below that plaintiff, having commenced to defend in the underlying action, should now be estopped to deny its duty to defend. While Eurich does not properly frame this argument for review by this Court, plaintiff does address the issue on appeal and the issue is of sufficient concern to merit brief comment by this Court. We believe plaintiff acted properly in defending Eurich until such time as the question of its duty to defend was resolved. Not only did this protect defendant's interest, it also protected plaintiff's interests in the event it was determined that plaintiff did have such a duty. However, this does not mean that plaintiff should not be able to withdraw its defense after a determination favorable to plaintiff.

We would, however, expect the withdrawal to proceed in a manner designed to avoid prejudicing Eurich's ability to proceed with his own defense. This is not so much a burden on plaintiff as it is on the attorneys retained by plaintiff to defend defendant. If these attorneys do not continue to represent Eurich in his employ, we expect that they will cooperate with any substitution of counsel and to fully comply with the Code of Professional Responsibility.[3]

The judgment of the circuit court is affirmed. Costs to plaintiff.

[3] See DR 2-110 (Withdrawal From Employment).