ATLANTA INTERNATIONAL INSURANCE COMPANY v BELL

Docket No. 108080. Submitted October 11, 1989, at Detroit. Decided
    November 21, 1989. Leave to appeal applied for.

   Atlanta International Insurance Company, as the insurer of
   Security Services, Inc., paid a judgment entered against Secu-
   rity Services in an action in which Security Services' defense
   was undertaken by John W. Bell, David C. Hertler and Ronald
   C. Winiemko from the law firms of Bell & Hertler, P.C., and
   Bell, Hertler & Winiemko, P.C. Atlanta International brought
   an action in Wayne Circuit Court, alleging legal malpractice by
   the attorneys and firms named above. The trial court, Henry J.
   Szymanski, J., granted summary disposition in favor of defen-
   dants, ruling that plaintiff had failed to state a claim on which
   relief can be granted. The court also denied plaintiff's motions
   for partial summary disposition and for leave to file an
   amended complaint alleging additional claims of breach of
   contract and negligent performance of contract. Plaintiff ap-
   pealed.

       The Court of Appeals held:

       1. The trial court did not err in granting summary disposi-
   tion in favor of defendants on the claim for legal malpractice as
   there was no attorney-client relationship between defendants
   and plaintiff. Defendants were the attorneys of, and owed their
   loyalty and duty to, Security Services, even if plaintiff selected
   defendants to represent its insured and paid defendants for
   their services.

       2. The trial court properly denied plaintiff's motion to amend
   its complaint as the proposed amendments raising claims of
   contract would be futile. Even if plaintiff can prove the exis-
   tence of a contract between it and defendants, such a contract
   cannot be enforced because it would be violative of public
   policy since it would impermissibly interfere with the attorney-
   client relationship between defendants and plaintiff's insured.

       Affirmed.

REFERENCES

Am Jur 2d, Attorneys at Law § 198.
Malpractice: Liability of attorney representing conflicting interests.
    28 ALR3d 389.

1. ATTORNEY AND CLIENT — LEGAL MALPRACTICE.

An attorney-client relationship between a lawyer and an insurance company does not arise when the lawyer is chosen and paid directly by the insurer to undertake the defense of an action against its insured; such an insurer, by virtue of the absence of an attorney-client relationship, may not bring an action against the lawyer for legal malpractice in connection with the lawyer's representation of the insured inasmuch as such a relationship is a prerequisite of an action for malpractice.

2. PLEADING — AMENDMENT OF PLEADINGS.

Although leave to amend pleadings should be liberally granted, it need not be granted where, inter alia, the amendment of pleadings would be futile.

*Craig, Farber, Downs & Dise, P.C.* (by *Timothy Downs*), for plaintiff.

*Plunkett & Cooney, P.C.* (by *Patrick M. Barrett* and *Christine D. Oldani*), for defendants.

Before: SAWYER, P.J., and WEAVER and NEFF, JJ.

PER CURIAM. Plaintiff appeals from an order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(8), denying its motion for partial summary disposition pursuant to MCR 2.116(C)(10), and denying its motion to amend its complaint. We affirm.

Plaintiff's claim arises out of the alleged legal malpractice committed by defendants in their handling of a defense in a separate action on behalf of plaintiff's insured, Security Services, Inc. That prior action was the subject of an appeal in *Harvey v Security Services, Inc,* 148 Mich App 260; 384 NW2d 414 (1986). Plaintiff alleges that defendants' negligent handling of the *Harvey* litigation resulted in plaintiff paying $1,134,190.70 on behalf of Security Services in satisfaction of the judgment taken against Security Services by Harvey. Plain-

tiff thereafter filed the instant action alleging legal malpractice and, in response to defendants' motion for summary disposition, sought to file an amended complaint to add claims of breach of contract and negligent performance of contract.

With respect to plaintiff's claim sounding in legal malpractice, the trial court correctly granted summary disposition. A necessary element of legal malpractice is the existence of an attorney-client relationship. *Adell v Sommers, Schwartz, Silver & Schwartz, PC,* 170 Mich App 196, 204; 428 NW2d 26 (1988); *American Employers' Ins Co v Medical Protective Co,* 165 Mich App 657, 660; 419 NW2d 447 (1988). No attorney-client relationship exists between an insurance company and the attorney representing the insurance company's insured. *American Employers', supra* at 660. Rather, an attorney's sole loyalty and duty is owed to the client alone, the client being the insured, not the insurance company. *Id.* See also MRPC 5.4(c), formerly DR 5-107(B).

While the realities of practice may be that an insurance company selects and pays the attorneys to represent the insured, the fact remains that an insurance defense attorney represents the insured and not the insurance company. The only attorney-client relationship which exists is between the attorney and the insured client. Indeed, whenever the interests of the insured and the insurance company differ, the attorney's ethical obligation is to pursue the interests of the insured client the attorney is representing and not the interests of the insurance company who pays the bill. See *American Employers', supra* at 660-661. Indeed, the insurance company's relationship is, in reality, with its insured; that is, the insurance company is obligated to pay the attorney fee incurred by its insured in defending litigation covered by an appli-

cable insurance policy. The fact that an insurance company may directly pay the attorney fee rather than merely reimbursing its insured does not affect the nature of the attorney-client relationship nor does it change the fact that the attorney represents the insured client and only owes a duty to that insured client.

For these reasons, we conclude that the trial court properly granted summary disposition in favor of defendants on the claim of legal malpractice.

Plaintiff next argues that the trial court erred in denying its motion to amend its complaint to add claims of breach of contract and negligent performance of contract. We disagree. Although leave to amend pleadings should be liberally granted, it need not be granted where, inter alia, the amendment of pleadings would be futile. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973). Here, we believe that plaintiff's proposed amendment would, in fact, be futile.

In denying plaintiff's request to amend pleadings, the trial court noted that there was no evidence of the existence of any contract between the parties other than the regular referral by the insurer to trial counsel and the arrangement for the payment of fees. Indeed, although plaintiff's proposed amended complaint claims the existence of a contract, if such a contract was written, it was not appended to the complaint as required by MCR 2.113(F)(1). Accordingly, we must conclude that there existed no written contract between the parties.

If it is plaintiff's position that an oral contract existed, the allegations in their proposed amended complaint do not state a claim against defendants. At most, the allegations in the proposed amended complaint set forth that plaintiff arranged for

defendants to represent the insured client and agreed to compensate defendants for that representation. However, as discussed above, the nature of an insurance defense attorney's representation is that he represents the insured client and not the insurance company. Accordingly, to the extent that a "contract" does exist in this case, it exists between defendants and the insured client, Security Services. At most, it can be said that plaintiff was acting as the agent of its insured client, Security Services, in arranging representation by defendants of the insured client and guaranteeing payment for those services. That is, assuming the existence of a "contract," plaintiff did not negotiate such a contract between itself and defendants, but negotiated it between its client and defendants. Thus, plaintiff's complaint does not make out the existence of a contractual relationship between itself and defendants.

Indeed, no such contract can exist as it would be ethically improper for defendants to have contractually bound itself to plaintiff when defendants' duty and loyalty was owed to the insured client. MRPC 5.4(c). Moreover, even if such a contract between plaintiff and defendants were to actually exist, it would be unenforceable as violative of public policy since it would impermissibly interfere with the attorney-client relationship between defendants and the insured client. See *American Employers', supra* at 660-661. That is, even accepting plaintiff's assertion of a contractual relationship between itself and defendants, we would refuse to enforce that contract on public policy grounds in order to preserve the ethical obligation of defendants to their insured client, Security Services. Since such a contract would be unenforceable, it would be futile to allow an amend-

ment to plaintiff's complaint to add a breach of contract claim.

For the above reasons, we conclude that the trial court properly denied plaintiff's motion to amend the pleadings to add a breach of contract claim. It necessarily follows, therefore, that the negligent performance of contract claim would also be futile and, therefore, the denial of the motion to amend with respect to this claim was also properly granted.

In sum, the only duty owed by defendants, under either tort or contract law, was that which they owed to their insured client, Security Services. Accordingly, only Security Services has a cause of action against defendants, be it for legal malpractice or breach of contract, arising out of defendants' representation of Security Services. Accordingly, the trial court properly granted summary disposition in favor of defendants and properly denied plaintiff's request to amend its complaint.

Affirmed. Defendants may tax costs.