## MICHIGAN MILLERS MUTUAL INSURANCE COMPANY v BRONSON PLATING COMPANY

Docket No. 123554. Submitted May 5, 1992, at Lansing. Decided December 21, 1992, at 9:10 A.M. Leave to appeal sought.

Michigan Millers Mutual Insurance Company brought an action in the Branch Circuit Court against Bronson Plating Company, seeking a declaration regarding its duty to defend or indemnify Bronson from claims of environmental damage made by the United States Environmental Protection Agency in the absence of a formal complaint filed by the agency in a court of law. Bronson filed a counterclaim naming its numerous other insurers. The primary issue was whether the EPA's actions constituted a "suit," as that term is used in the insurance policies, that would trigger a duty on the part of the insurers to defend Bronson. The policies provide that the insurers have a duty to defend any suit against the insured in which damages are sought as a result of bodily injury or property damage to which the insurance applies. The court, Michael H. Cherry, J., granted summary disposition for the insurers, finding they had no duty to defend. Before the order of summary disposition was entered, Bronson moved for reconsideration in light of *Polkow v Citizens Ins Co of America,* 180 Mich App 651 (1989), rev'd on other grounds 438 Mich 174 (1991), which held, considering identical contract language, that the insurer's duty to defend had been triggered under a nearly identical factual setting. The court denied reconsideration and granted summary disposition for the insurers, relying on an unpublished opinion of the Court of Appeals that was decided before and conflicted with *Polkow* with regard to the duty to defend. Bronson appealed from those orders, the court's denial of its request for independent counsel, and its motion to compel the production of certain discovery materials. Michigan Millers filed a cross appeal, claiming that

REFERENCES

Am Jur 2d, Insurance §§ 1405, 1408, 1409, 1422, 2002.

The parol evidence rule and admissibility of extrinsic evidence to establish or clarify ambiguity in written contract. 40 ALR3d 1384.

the court erred in denying its motion for reimbursement of the costs expended in defending Bronson.

The Court of Appeals *held:*

1. The Environmental Protection Agency's actions, subjecting Bronson to administrative mechanisms mandating hydrological and feasibility studies with regard to remedial action, backed by the power to expose Bronson to a money judgment in a court of law, constitute a "suit" that triggers a duty on the part of the insurers to defend Bronson. The trial court erred in failing to follow the precedent established in *Polkow.* Because coverage may be excluded under some other provision of the contracts or for some other reason, the case must be remanded.

2. The court properly denied Bronson's motion for summary disposition that requested that Michigan Millers pay for a defense provided by counsel selected by Bronson. The independent counsel retained by Michigan Millers to represent Bronson did not represent Michigan Millers in the declaratory judgment action, and no conflict of interest existed between Michigan Millers and the law firm. No attorney-client relationship existed between Michigan Millers and the law firm, and the attorneys' sole loyalty and duty were owed to Bronson.

3. The information that Bronson sought through its discovery requests was relevant to show whether the term "suit" in the insurance contracts was ambiguous. Extrinsic evidence is admissible to show the existence of an ambiguity. The court abused its discretion in denying the motion to compel production. The orders denying the motion and assessing sanctions against Bronson must be vacated. Although the purpose for which Bronson desired the information has been rendered moot by the resolution of the issue regarding interpretation of the term "suit," the matter may be inquired into once again on remand if Bronson desires the information for some other purpose.

4. Review of Michigan Millers' claim regarding reimbursement of funds it expended in defense of Bronson is unnecessary.

Affirmed in part, reversed in part, and remanded.

REILLY, J., dissenting, stated that the term "suit" is not ambiguous and does not include the type of administrative action that occurred in this case. The court properly denied Bronson's discovery request.

1. INSURANCE — ENVIRONMENT — SUIT — DAMAGES.

A governmental agency's subjection of an insured property owner to administrative mechanisms mandating an environmental

contamination investigation and a feasibility study regarding remedial action, backed by the power to expose the insured to a money judgment in a court of law, constitutes a "suit" for purposes of triggering the insurer's contractual duty to defend any suit against the insured seeking damages.

2. COURTS — COURT OF APPEALS — OPINIONS — STARE DECISIS.

An unpublished opinion of the Court of Appeals has no precedential value under the rule of stare decisis; when a later, conflicting opinion is published, its precedential value is not diminished because of the earlier unpublished opinion (MCR 7.215[B] [7], [C][1]).

3. COURTS — TRIAL COURTS — COURT OF APPEALS — STARE DECISIS.

Trial courts are required to follow the published decisions of the Court of Appeals issued on or after November 1, 1990, unless reversed or modified by the Supreme Court or a special panel of the Court of Appeals (Administrative Order No. 1990-6).

4. APPEAL — STARE DECISIS.

The overruling by the Supreme Court of one issue in a Court of Appeals decision does not affect the precedential value of any remaining issues decided by the Court of Appeals in that decision.

5. INSURANCE — ATTORNEY AND CLIENT — DEFENSE OF INSURED.

An insurance company may tender a defense of its insured under a reservation of rights and retain independent counsel to represent the insured; no attorney-client relationship exists between the insurer and the attorney representing the insured, and the attorney's sole loyalty and duty are owed to the insured.

6. CONTRACTS — EVIDENCE — EXTRINSIC EVIDENCE — AMBIGUITIES.

Extrinsic evidence is admissible to show the existence of an ambiguity in a contract.

7. EVIDENCE — PRETRIAL PROCEDURE.

Material need not be admissible at trial in order to be discoverable; however, it must be relevant (MCR 2.302[B][1][a]).

*Willingham & Coté, P.C.* (by *John A. Yeager* and *Anthony S. Kogut*), for Michigan Millers Mutual Insurance Company.

*Honigman Miller Schwartz & Cohn* (by *Jay E. Brant, Philip A. Grashoff, Jr.,* and *Mark A. Gold-*

smith) (*Biringer, Hutchinson & Van Doren, P.C.,* by *Richard F. Biringer,* of Counsel), for Bronson Plating Company.

*Sullivan, Ward, Bone, Tyler & Asher, P.C.* (by *Michelle A. Thomas* and *Thomas M. Slavin*), for Indiana Lumbermens Mutual Insurance Company.

*Franklin, Bigler, Berry & Johnston* (by *Steven C. Berry*), for Hamilton Mutual Insurance Company.

*Schureman, Frakes, Glass & Wulfmeier* (by *Steven M. Hickey*), for Commercial Union Insurance Company.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Marcia L. Howe*), for Hartford Accident & Indemnity Company.

*Howard & Howard, P.C.* (by *Myra L. Willis*), for Auto-Owners Insurance Company.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Stephen M. Kelley*), for Indiana Insurance Company.

*Miller, Canfield, Paddock & Stone* (by *Michael B. Ortega*), for Federal Insurance Company.

*Morrison, Morrison & Finley* (by *Kenneth W. Morrison*), for Great Southwest Fire Insurance Company.

*Beresh & Prokopp* (by *Sandra A. Prokopp*), for Liberty Mutual Insurance Company.

Amicus Curiae:

*Proviser, Lichtenstein, Pearlman & Phillips, P.C.* (by *Randall E. Phillips*) (*Wiley, Rein & Fielding,* by

*Thomas W. Brunner, James M. Johnstone, James P. Anasiewicz,* and *Frederick S. Ansell,* of Counsel), for Insurance Environmental Litigation Association.

Before: WAHLS, P.J., and MARILYN KELLY and REILLY, JJ.

WAHLS, P.J. In this declaratory judgment action, defendant Bronson Plating Company appeals as of right from an order of the Branch Circuit Court that denied reconsideration of its earlier bench opinion and granted summary disposition to plaintiff Michigan Millers Mutual Insurance Company and the other insurers involved in the case, apparently pursuant to MCR 2.116(C)(10). The trial court held that Michigan Millers and the other insurers had no duty to defend or indemnify Bronson, their insured, from claims of environmental damage made by the United States Environmental Protection Agency (EPA) in the absence of a formal complaint filed in a court of law. Bronson contests that determination on appeal, as well as the trial court's earlier denial of its request for independent counsel and its motion to compel the production of certain discovery materials. Michigan Millers filed a cross appeal, claiming that the trial court erred in denying its motion for reimbursement of costs expended in defense of Bronson. We affirm in part, reverse in part, and remand.

I

The relevant facts are not in dispute. Bronson has conducted electroplating operations in an industrial area of the City of Bronson since 1946. In the course of these operations, large quantities of rinse water are released, plus certain waste materials, some of which are contaminants. While

Bronson allegedly took certain steps to alleviate environmental damage, nonetheless, on June 10, 1986, Bronson's site of operations was listed on the National Priorities List pursuant to § 105 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 USC 9605. The Michigan Department of Natural Resources (DNR) had earlier included the site on its Priority List of Contaminated Sites pursuant to the Environmental Response Act, MCL 299.601 *et seq.*; MSA 13.32(1) *et seq.*

In April 1986, the EPA sent Bronson formal notification that it considered Bronson to be a potentially responsible party for the contamination at the site. This type of notice is commonly referred to as a "PRP letter." The letter demanded that Bronson supply the EPA with all information known to Bronson regarding all ownership interests in the site, the nature and amounts present of all contaminants, how the site became contaminated, and Bronson's insurance coverage. The letter also demanded that Bronson undertake a hydrological study of the site and conduct a feasibility study with regard to remedial action. The EPA warned that Bronson's failure to comply with its requests could result in an enforcement action, civil penalties, or an order requiring compliance.

Bronson notified its insurers of the governmental action and demanded a defense. Only Michigan Millers tendered a defense, subject to a reservation of rights. A few days later, Michigan Millers filed a complaint for declaratory judgment that sought, among other things, a determination that Michigan Millers had no duty to defend or indemnify Bronson from any claim brought in connection with the PRP letter. One count of the complaint alleged that Michigan Millers had no duty to defend or indemnify because no "suit" had been brought against Bronson within the meaning of

the several insurance contracts involved that
would trigger a duty.[1]

II

The primary issue in this case is whether the
EPA's actions constitute a "suit" that triggers a
duty on the part of Michigan Millers to defend
Bronson. In February 1989, Michigan Millers and
the other insurers filed a motion for summary
disposition pursuant to MCR 2.116(C)(8) and (10)
that claimed that no duty to defend was triggered
by the EPA's PRP letter. The trial court granted the
motion. Before the order of summary disposition
was entered, Bronson moved for reconsideration in
light of the subsequent release of this Court's
opinion in *Polkow v Citizens Ins Co of America,*
180 Mich App 651; 447 NW2d 853 (1989), rev'd on
other grounds 438 Mich 174 (1991). *Polkow* in-
volved, in part, a factual setting and question
nearly identical to that before us now. The panel
in *Polkow* held that an insurer's duty to defend
under an insurance contract, whose pertinent lan-
guage is identical to that in the contracts in this
case, had been triggered by its insured's receipt of
correspondence from the DNR and the EPA that

---

[1] The contract language at issue is as follows:

The Company will pay on behalf of the insured all sums
which the insured shall become legally obligated to pay as
damages because of
   A. bodily injury or
   B. property damage
to which this insurance applies, caused by an occurrence, and the
company shall have the right and duty *to defend any suit against the
insured seeking damages on account of such bodily injury or property
damage,* even if any of the allegations of *the suit* are groundless, false
or fraudulent, and may make such investigation and settlement of
any *claim or suit* as it deems expedient, but the company shall not be
obligated to pay any claim or judgment or to defend any suit after the
applicable limit of the company's liability has been exhausted by
payment of judgments or settlements. [Emphasis added.]

demanded that the insured conduct various studies of the contamination and possible cleanup of the site it used for its business of hauling and storing used oil and warned that the governmental agencies were empowered to recover the full cost of cleanup and environmental damage. *Id.,* pp 656-657.

At the hearing, held November 8, 1989, the trial court declined to modify its earlier bench opinion. The trial court correctly noted that the "duty to defend" portion of *Polkow* conflicted with an earlier, unpublished opinion of this Court, *City of Evart v Home Ins Co,* unpublished opinion per curiam of the Court of Appeals, decided April 10, 1989 (Docket No. 103621), lv den 439 Mich 921 (1992). The trial court also noted, however, that effective October 1, 1989, MCR 7.215(C)(1) was amended to allow appellate parties to cite unpublished opinions of the Court of Appeals, although the amended rule also reiterated that unpublished opinions do not have precedential effect. The trial court believed that, because *Polkow* conflicted with *City of Evart,* publication of *Polkow* was required by MCR 7.215(B)(7), and, by logic that is unclear to us, held that it "may therefore consider both [decisions], either or neither of those decisions, in attempting to fashion a decision which it believes is appropriate in the circumstances of the particular case." In this, the trial court erred.

Although the trial court was correct that publication of *Polkow* was required by the mandatory language of MCR 7.215(B)(7), it does not necessarily follow that an unpublished opinion of this Court obtains precedential value because a later, conflicting opinion is published, nor that the precedential value of the published opinion is diminished the earlier unpublished opinion. The court rules themselves compel a contrary conclusion.

Court rules are construed in accordance with their purpose, and, if the plain and ordinary language is clear, judicial construction is normally neither necessary nor permitted. *People v McCoy,* 189 Mich App 201, 204; 471 NW2d 648 (1991); *Foster v Stein,* 183 Mich App 424, 426-427; 454 NW2d 244 (1990). MCR 7.215(C)(1), both before and after its amendment, clearly provides that unpublished opinions do not have precedential value, and this rule is not contradicted by subrule B(7). The trial courts of this state are required to follow the published decisions of panels of this Court unless overruled by our Supreme Court, *In re Hague,* 412 Mich 532, 552; 315 NW2d 524 (1982), or unless the published decision's precedential value is destroyed by the release of a published conflicting opinion after November 1, 1990, the date Administrative Order No. 1990-6 became effective.[2] 436 Mich lxxxiv. The trial court in this case was therefore constrained to follow *Polkow.*

The next question is whether this Court's decision in *Polkow* remains good law because it was later reversed by our Supreme Court. 438 Mich 174 (1991). The Supreme Court did not, however, address the merits of this Court's holding that the administrative mechanisms that had come into play amounted to a "suit" that triggered a duty to defend, but, rather, expressly declined to review the issue and reversed the decision on other grounds. 438 Mich 178, n 2. We reject the insurers' argument, made in a supplemental brief, that the Supreme Court's reversal of this Court's opinion in *Polkow* renders the opinion of the Court of Appeals completely without precedential value. "Just

---

[2] The precedential value of a published opinion released after November 1, 1990, may also be destroyed by a contrary decision from a special panel of the Court of Appeals pursuant to the procedure provided by Administrative Order No. 1990-6.

as the discovery of one rotten apple in a bushel is no reason to throw out the bushel, one overruled proposition in a case is no reason to ignore all the other holdings appearing in that decision." *Rouch v Enquirer & News of Battle Creek, Michigan,* 137 Mich App 39, 54, n 10; 357 NW2d 794 (1984), aff'd 427 Mich 157 (1986). Furthermore, even if *Polkow* were without precedential value, no decision from the Supreme Court exists that would control the disposition of this issue, nor has any binding authority been handed down from this Court after the adoption of Administrative Order No. 1990-6.

After having reviewed the conflicting authorities from federal and various state courts cited by the parties, we agree with the reasoning and result of this Court in *Polkow:*

> In our view, subjecting the insured to administrative mechanisms mandating an environmental investigation and cleanup, backed by the power to expose the insured to a money judgment in a court of law, amounts to a "suit" for the purposes of invoking the coverage of the policy. [180 Mich App 657.]

Just as in *Polkow,* we hold in this case, on the undisputed facts before us, that a "suit" has been brought. Of course, this holding does not establish the insurer's liability under the contracts, because coverage may possibly be excluded under some other provision of the contracts or for some other reason. It is therefore necessary to remand this case for further proceedings.

III

After Michigan Millers tendered a defense of Bronson, it retained independent counsel to represent Bronson. The law firm that was retained did

not represent Michigan Millers in the declaratory judgment action Michigan Millers brought against Bronson a few days later. Bronson thereafter moved for summary disposition and argued that a conflict of interest existed between the law firm and Michigan Millers and that Michigan Millers should pay for a defense provided by counsel selected by Bronson. The motion was denied, and Bronson now argues that the trial court erred in so doing. We disagree.

No conflict of interest existed between Michigan Millers and the law firm. An insurance company may tender a defense under a reservation of rights and retain independent counsel to represent its insured. *Frankenmuth Mutual Ins Co, Inc v Eurich,* 152 Mich App 683, 688; 394 NW2d 70 (1986). No attorney-client relationship exists between an insurance company and the attorney representing the insurance company's insured. The attorney's sole loyalty and duty is owed to the client, not the insurer. *Atlanta Int'l Ins Co v Bell,* 181 Mich App 272, 274; 448 NW2d 804 (1989), aff'd in part and rev'd in part 438 Mich 512 (1991)[3]; *American Employers' Ins Co v Medical Protective Co,* 165 Mich App 657, 660; 419 NW2d 447 (1988). In the absence of any record showing by Bronson that the law firm in fact acted against the interests of Bronson, we will not presume that the firm had failed or

[3] The Supreme Court's modification of this Court's opinion in *Atlanta Int'l* did not overrule the general rule that no attorney-client relationship exists between an insurer and counsel it retains to represent its insured. Only two justices joined in Justice BRICKLEY's opinion, while Justice BOYLE concurred only with Justice BRICKLEY's reasoning with regard to equitable subrogation. Justice BOYLE expressly disagreed with Justice BRICKLEY's statement that "something less than a plenary attorney-client relationship exists between a defense counsel and an insurer," and would have held that *no* relationship exists. Because four justices did not join in the lead opinion, it does not derogate the general rule that no relationship exists. *Apportionment of Wayne Co Bd of Comm'rs—1982,* 413 Mich 224, 249-250; 321 NW2d 615 (1982).

would fail to carry out its responsibilities to its client.

### IV

On December 5, 1988, Bronson submitted a second set of interrogatories and document requests to Michigan Millers and the other insurers, requesting information within twenty-eight days regarding every claim handled by the insurers that involved environmental damage where the insurers had paid any costs or expenses in their duty to defend. With regard to each claim, Bronson desired to know:

  1) the nature of the claim;
  2) the identity of the insured, including the insured's last known address and telephone number;
  3) the identity of the policy; and
  4) the nature, substance, or type of cost or expense paid relative to the insurer's duty.

Most of the insurers objected to Bronson's request, and Bronson moved to compel production of the information. The trial court denied Bronson's motion on the ground that the discovery sought was immaterial and irrelevant.[4] The trial court also assessed costs against Bronson, not to exceed $500 for each insurer. Each insurer submitted an affidavit that swore its costs were $500, and the costs assessed totaled $5,000.

---

[4] The insurers also argued that Bronson's request was burdensome. Liberty Mutual Insurance Company claimed to have more than 5,200 environmental claims that were not segregated in its filing system and that it would take at least twelve months to comply with Bronson's request. Federal Insurance Company claimed that it would take at least 1400 man-hours to simply obtain and review its files. The insurers also raised arguments concerning privilege. Although the trial court discussed these other arguments, its decision rested on relevancy and materiality.

Michigan law generally provides for the discovery of any relevant, nonprivileged matter. MCR 2.302(B)(1); *Eyde v Eyde,* 172 Mich App 49, 54-55; 431 NW2d 459 (1988). We review a trial court's grant or denial of a motion to compel discovery for an abuse of discretion. *Marchand v Henry Ford Hosp,* 398 Mich 163, 169-170; 247 NW2d 280 (1976); *Eyde, supra,* p 54. A trial court's assessment of sanctions following the denial of a motion to compel discovery is also reviewed for an abuse of discretion. MCR 2.313(A)(5).

Bronson claims that the material it sought to discover was relevant, material, and calculated to lead to the discovery of admissible evidence. Specifically, Bronson claims that information regarding how the insurers handled other environmental claims is relevant to show whether the term "suit" in the contracts is ambiguous, because the information shows that the insurers had previously defended insureds in environmental cases in the absence of a complaint filed in a court of law, then extrinsic evidence would tend to show that the insurers' construction of "suit" is wrong, or at least ambiguous. We agree.

Michigan Millers claims that the information sought by Bronson is unnecessary, basing its argument on two evidentiary principles pertinent to the interpretation of contracts. If the term "suit" is unambiguous, then its construction is a matter of law for the court and extrinsic evidence is not admissable to contradict its meaning. *L & S Bearing Co v Morton Bearing Co,* 355 Mich 219, 224; 93 NW2d 899 (1959); *Ditzik v Schaffer Lumber Co,* 139 Mich App 81, 89; 360 NW2d 876 (1984). If an ambiguity is shown to exist, it is construed liberally against the insurer and in favor of coverage. *Auto Club Ins Ass'n v DeLaGarza,* 433 Mich 208, 214; 444 NW2d 803 (1989). Michigan Millers de-

·duces that if the term "suit" is unambiguous, the information sought by Bronson cannot be used to contradict its meaning, while if the term is ambiguous, then Bronson would prevail by virtue of the second principle noted above.

This deduction ignores a third principle of evidence. Extrinsic evidence is admissible to show the *existence* of an ambiguity. *Mayer v Auto-Owners Ins Co,* 127 Mich App 23, 27; 338 NW2d 407 (1983). This is the purpose for which Bronson argues it sought the information. Although material need not be admissible at trial in order to be discoverable, MCR 2.302(B)(1)(a), it must be relevant. The materials sought by Bronson were relevant to ·show the insurers' prior interpretations of the term "suit." The trial court's denial of Bronson's motion to compel production on the basis of lack of relevancy and materiality was thus an abuse of discretion. We therefore vacate the order that denied Bronson's motion to compel and the order assessing sanctions. We note that in the trial court the insurers made potentially valid arguments against discovery on the grounds that Bronson's request was overbroad, burdensome, and protected by privilege. These arguments are not properly before us because they were never decided by the trial court. *Swickard v Wayne Co Medical Examiner,* 438 Mich 536, 562; 475 NW2d 304 (1991). We further note that the purpose for which Bronson desired the information has been rendered moot by our resolution of the issue in section II, *supra,* pursuant to this Court's decision in *Polkow, supra.* If Bronson desires the information for some other purpose, the matter may be inquired into once again on remand.

V

On cross appeal, Michigan Millers claims the

trial court erred in denying its motion for reimbursement of funds it expended in defense of Bronson. We need not address this issue in light of our decision in section II, *supra.* Were we to address the issue, however, and assuming for the sake of argument that Michigan Millers had no duty to defend, we would agree with the trial court that Michigan Millers may not recover the costs it expended in defense of Bronson in the absence of an agreement for reimbursement or a reservation of the right.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.

Marilyn Kelly, J., concurred.

Reilly, J. *(dissenting).* I respectfully dissent.

Although I recognize that in the past few years several decisions have been made by various courts that would support the majority's deference to the ruling in *Polkow v Citizens Ins Co of America,* 180 Mich App 651; 447 NW2d 853 (1989), rev'd on other grounds 438 Mich 174 (1991), I am not persuaded that the term "suit" is ambiguous or that it includes the type of administrative action that occurred in this case. I would adopt the reasoning of *City of Evart v Home Ins Co,* unpublished opinion per curiam of the Court of Appeals, decided April 10, 1989 (Docket No. 103621), lv den 439 Mich 921 (1992), and *Ray Industries, Inc v Liberty Mutual Ins Co,* 974 F2d 754 (CA 6, 1992), and affirm the trial court's order granting summary disposition.

Moreover, because I am convinced that the term "suit" is not ambiguous, I believe the trial court properly denied defendant Bronson's discovery request.