TRANSAMERICA INSURANCE COMPANY OF MICHIGAN v
SAFECO INSURANCE COMPANY

Docket No. 110954. Submitted July 18, 1990, at Detroit. Decided May
6, 1991, at 10:15 A.M.

Transamerica Insurance Company of Michigan brought an action
in the Oakland Circuit Court against Safeco Insurance Com-
pany and Insurance Company of North America, seeking a
declaration that the defendants were liable for a pro-rata share
of the costs and ultimate liability incurred in the defense of
claims brought against Frost-Guard Insulation, Inc., arising out
of its installation of foam insulation between 1977 and 1982.
The plaintiff and the defendants each had insured Frost-Guard
under general comprehensive liability policies during various
portions of 1977 to 1982. The court, David F. Breck, J., granted
summary disposition for the defendants on the basis that the
alleged bodily injuries and property damage claimed in the
underlying actions occurred contemporaneously with the instal-
lation of the insulation and that the installations in question
occurred during the period the plaintiff's policy was in force.
Plaintiff appealed the dismissal of its claim against Safeco.

The Court of Appeals *held:*

Safeco's liability under its policy is triggered when bodily
injury or property damage occurs as a result of exposure to a
condition caused by the insured. Bodily injury or property
damage, for the purpose of the underlying claims for damages
resulting from the gasses given off by the insulation, occurred
when the injury or damage first manifested itself to those
exposed. While installation of the insulation in question oc-
curred before Safeco's policy was in force, it is not clear
whether some of the plaintiffs in the underlying actions may
have been exposed to the gasses and suffered bodily injury or
property damage while Safeco's policy was in force. Remand is
required for a determination of when various underlying plain-
tiffs' symptoms or damages were manifested.

Remanded.

**REFERENCES**

Am Jur 2d, Insurance §§ 703 et seq.

See the Index to Annotations under Insurance and Insurance
Companies.

INSURANCE — LIABILITY INSURANCE — PERIOD OF COVERAGE.

> An insurer is liable under a general liability policy providing that the insurer will pay all sums the insured becomes obligated to pay because of bodily injury or property damage caused by continuous or repeated exposure to conditions created by the insured only where the exposure to the conditions begins to manifest itself in bodily injury or property damage during the period the policy is in force.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton (by Michael L. Updike)*, for the plaintiff.

*Lizza & Mulcahy, P.C. (by David M. Lawson and James H. Mulcahy)*, for the defendant.

Before: SHEPHERD, P.J., and SAWYER and MC-DONALD, JJ.

SHEPHERD, P.J. Plaintiff appeals as of right the trial court's granting of summary disposition for defendants, although the only remaining defendant is Safeco Insurance Co. We affirm to the extent the trial court found that coverage under the respective comprehensive liability policies in question is triggered by the manifestation of injury or damage resulting from a claimant's exposure to urea-formaldehyde gas, but remand for a determination of when various underlying plaintiffs' symptoms or damages manifested themselves.

Plaintiff and several other insurance companies, including Safeco, insured Frost-Guard Insulation, Inc., from 1978 through 1983. Between 1977 and 1982, Frost-Guard insulated homes and businesses with urea-formaldehyde insulation, which allegedly releases gasses. This giving off of gasses is apparently at its greatest level immediately after installation but gradually tapers off. The gas allegedly adversely affects those who inhale it, causing a myriad of symptoms, including eye, nose, and throat irritation and coughing. As a result, a

number of homeowners in whose homes Frost-Guard had installed urea-formaldehyde foam insulation (UFFI) subsequently filed suit against Frost-Guard, alleging personal injury and property damage.

Plaintiff insured Frost-Guard under a comprehensive general liability policy from June 1, 1979, through June 1, 1981, and July 1, 1982, through July 1, 1983, while Safeco covered Frost-Guard from December 19, 1981, to June 22, 1982. Plaintiff has provided defense and indemnification to Frost-Guard in connection with the underlying actions and, in this action, sought a declaration that Safeco and other insurance carriers were liable under their respective policies for a pro rata share of the defense costs and ultimate liability incurred by Frost-Guard.

The parties submitted the matter to the trial court by way of cross-motions for summary disposition. The trial court determined that the bodily injury and property damage alleged by the underlying plaintiffs occurred contemporaneously with the installation of the UFFI and, because the installations and attendant damages occurred during plaintiff's policy periods, plaintiff bore full responsibility for Frost-Guard's defense and indemnification. The trial court rejected plaintiff's argument, which it also asserts on appeal, that this case is analogous to those involving asbestosis where at least some courts have applied a variation of the so-called "exposure theory." Under this theory, each insurer providing liability insurance to the asbestos manufacturer during periods when the person suing was exposed to asbestos would be liable for its pro rata share of the cost of defense and any judgment. See, e.g., *Ins Co of North America v Forty-Eight Insulations, Inc,* 451 F Supp 1230 (ED Mich, 1978), aff'd 633 F2d 1212 (CA

6, 1980), cert den 454 US 1109 (1981), reh den 455 US 1009 (1982).

It must not be forgotten that this dispute involves contract interpretation: Does Safeco's policy, its contract with its insured, obligate it to provide a portion of the defense costs or indemnification in the underlying actions? Neither party claims that the pertinent policy language is ambiguous. Therefore, construction of that language is a question for the court. *Automobile Club Ins Ass'n v Page,* 162 Mich App 664, 667; 413 NW2d 472 (1987). Safeco's policy provided in pertinent part as follows:

> The company will pay all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence. The company shall have the right and duty to defend any suit against the insured on account of such bodily injury or property damage . . . .

"Occurrence" is defined in the policy as

> an event including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured.

Safeco's duty to defend and ultimately indemnify its insured stems from this policy language.[1]
It is readily apparent that there is nothing in

---

[1] There is no claim that coverage is nonetheless precluded by a policy exclusion. We also note that while the duty to defend, which is broader than the duty to indemnify, is said to depend on the substance of the allegations in the underlying complaint, *Allstate Ins Co v Freeman,* 432 Mich 656, 662-663; 443 NW2d 734 (1989), modified 433 Mich 1202 (1989), this is not without reference to the coverage provided in the policy, for the allegations must fall within that coverage.

the policy language at issue here suggesting that an event can trigger coverage before the time the event results in bodily injury or property damage. Nor is there anything indicating that exposure to conditions triggers coverage before the time of bodily injury or property damage resulting from such exposure. *Dow Chemical Co v Associated Indemnity Corp,* 724 F Supp 474 (ED Mich, 1989). Thus, it is bodily injury or property damage (recovery for each being sought in the underlying claims) that triggers coverage. This conclusion is not particularly in dispute here and, indeed, is consistent with Michigan case law. See, e.g., *Frankenmuth Mutual Ins Co, Inc v Eurich,* 152 Mich App 683, 687; 394 NW2d 70 (1986).

However, this does not fully answer the question presented, which is: When does bodily injury or property damage occur where exposure to gasses from UFFI is claimed? While there is little dispute that the effects of UFFI gasses continue until the insulation is removed from the home and that the underlying plaintiffs alleged continuing injuries or damages, we find that bodily injury, for purposes of triggering coverage, occurs when the symptoms begin or manifest themselves to the homeowner. If this is at the time of installation, then plaintiff would be solely responsible for its insured's defense costs and damages resulting from judgments. If, however, a subsequent homeowner was exposed and injured, the carriers of the risk at the time that homeowner's injuries manifested themselves would be liable. The same must be said of property damage. The carrier of the risk at the time such damage manifests itself to the party claiming to have been injured is liable to the insured.

The record in this matter is not clear with respect to whether some of the underlying plaintiffs were subsequent homeowners who claimed

injuries or damages commencing during Safeco's policy period. While all the installations occurred before Safeco's policy period, this does not answer the question with regard to subsequent homeowners who may have been exposed to the gas and suffered injuries or property damage some time later. We therefore find it necessary to remand this matter for determination of that issue.

Remanded. We do not retain jurisdiction.