ARCO INDUSTRIES CORPORATION v AMERICAN MOTORISTS
INSURANCE COMPANY (ON REMAND)

Docket No. 187104. Submitted July 6, 1995, at Lansing. Decided
March 1, 1996, at 9:00 A.M.

Arco Industries Corporation and others brought an action in the
Kalamazoo Circuit Court against American Motorists Insurance
Company (AMICO) and other Arco insurers, seeking a declara-
tion of AMICO's duty to defend and indemnify Arco for costs
incurred in defending an underlying action brought by the
Department of Natural Resources against Arco to remedy
chemical contamination at Arco's manufacturing plant. Follow-
ing a bench trial, the court, William G. Schma, J., ordered
AMICO to indemnify Arco, finding that Arco had not expected or
intended to harm the environment. However, the court refused
to order AMICO to pay certain costs and fees incurred by Arco in
defending itself in the underlying action. AMICO appealed, and
the plaintiffs cross-appealed. The Court of Appeals, MICHAEL J.
KELLY, P.J., and MACKENZIE, and BRENNAN, JJ., reversed,
holding that Arco did expect or intend to harm the environ-
ment. 198 Mich App 347 (1993). The plaintiffs appealed. The
Supreme Court held that the Court of Appeals failed to apply
the correct legal standard in determining whether Arco ex-
pected or intended contamination of the environment, reversed
in part, and remanded the matter to the Court of Appeals for
consideration of the issues relating to the duty to defend that
had been raised by Arco in its cross appeal. 448 Mich 395
(1995).

On remand, the Court of Appeals *held:*

The AMICO policy provided coverage only where an occur-
rence has taken place. The policy defined an occurrence as an
accident that results in bodily injury or property damage
during the policy period. Because there is no dispute that the
contamination at issue was not discovered until almost eleven
years after the expiration of the last policy issued by AMICO to
Arco, it would be impossible for the claims in this case to come
within the coverage provided by AMICO to Arco. Because there
was no coverage under the AMICO policies, AMICO was not
obliged to defend or to indemnify Arco. In the absence of a duty

to defend, the issues raised by Arco and remanded for this Court's consideration are moot.

Reversed.

*Honigman Miller Schwartz & Cohn* (by *Jay E. Brant, Philip A. Grashoff, Jr.,* and *Mark A. Goldsmith*) and *Butler Durham & Willoughby* (by *Sidney D. Durham*), for the plaintiffs.

*Miller, Canfield, Paddock & Stone* (by *Kevin J. Moody*) and *Drinker Biddle & Reath* (by *T. Andrew Culbert* and *Paul H. Saint-Antoine*), for the defendant.

### ON REMAND

Before: MICHAEL J. KELLY, P.J., and MACKENZIE and CORRIGAN, JJ.

MACKENZIE, J. At the conclusion of a bench trial in this declaratory judgment action, defendant American Motorists Insurance Company (AMICO) was ordered to indemnify its insureds, plaintiffs Arco Industries Corporation and Frederick C. Matthaei, Jr. (hereinafter Arco), for costs Arco incurred as a result of an action brought by the Department of Natural Resources to compel the remediation of chemical contamination at Arco's manufacturing plant. AMICO appealed, and this Court reversed, holding that because Arco expected or intended to contaminate the environment, there was no duty to indemnify. *Arco Industries Corp v American Motorists Ins Co,* 198 Mich App 347; 497 NW2d 190 (1993). Arco appealed the decision of this Court, and the Supreme Court reversed, concluding that this Court "erred in reversing the determination that neither Arco nor its employees expected or intended to harm the environment." *Arco Industries Corp v American Motorists Ins Co,* 448 Mich 395, 411; 531 NW2d

168 (1995). The Supreme Court remanded the case to this Court for consideration of issues relating to the duty to defend that had been raised by Arco. *Id.* at pp 417-418. Additionally, by motions for peremptory reversal and summary affirmance Arco again brought before this Court many of the issues raised but not decided by our previous opinion, including the question of when AMICO's coverage was triggered. On remand, we conclude that, on the facts of this case, coverage could not have been triggered until 1985 and that AMICO therefore had no duty to indemnify or defend in the underlying action. Accordingly, we again reverse the judgment of the trial court.

I

Arco is an automotive parts manufacturer. Its manufacturing plant was built in 1953 and has been operated by Arco since 1967. The manufacturing and cleansing processes employed at the plant by Arco and its predecessor involved certain volatile organic compounds (VOCs). These VOCs were flushed through a drainage system that emptied into a seepage lagoon.

In November 1985, the DNR discovered groundwater contamination by VOCs that had originated from Arco's plant. Subsequent tests showed further contamination of the soil and groundwater beneath Arco's seepage lagoon. In October 1987, the state brought suit to compel remediation. That suit ultimately resulted in a consent decree that required Arco to pay the state $450,000 in response costs and attorney fees. Arco was also required to implement a groundwater treatment system, a soil remediation program, a groundwater purge system, and a groundwater monitoring program.

Arco was insured under several policies during the years it operated the plant. As relevant to this case, Arco sought coverage with respect to the underlying litigation under seven AMICO policies, each for a period of one year, beginning in 1968 and continuing through 1974. The trial court found AMICO liable under these policies and ordered it to indemnify Arco for 68.63 percent of the costs incurred in remediating the contamination and to reimburse Arco its costs in defending the underlying action.

II

We have been instructed by the Supreme Court to consider various issues surrounding AMICO's duty to defend Arco in the underlying litigation. We conclude that AMICO had no duty to defend Arco in the underlying litigation because coverage was not triggered during the policy period. Accordingly, we conclude that the duty to defend issues are moot.

The duty to defend is essentially tied to the availability of coverage. As stated in *Polkow v Citizens Ins Co of America,* 438 Mich 174, 178; 476 NW2d 382 (1991), the duty to defend arises in instances in which coverage is even arguable, though the claim may be groundless or frivolous. See also *Auto-Owners Ins Co v City of Clare,* 446 Mich 1, 15; 521 NW2d 480 (1994). Consistent with this premise, any analysis of an insurer's duty to defend must begin with an examination whether coverage is possible. See *id.,* pp 15-16. If coverage is not possible, then the insurer is not obliged to offer a defense. *Id.,* citing *Protective Nat'l Ins Co v Woodhaven,* 438 Mich 154, 160; 476 NW2d 374 (1991).

As the Supreme Court in this case noted: "Ac-

cording to the plain meaning of the applicable
AMICO comprehensive general liability policy, cov-
erage only exists where an occurrence has taken
place." 448 Mich 403. The term "occurrence" is
defined as

> an accident, including injurious exposure to condi-
> tions, *which results, during the policy period, in
> bodily injury or property damage* neither expected
> nor intended from the standpoint of the insured.
> [Emphasis added.]

One of the issues raised but not yet addressed by
this Court or the Supreme Court in this case is
whether the damage resulting from Arco's dis-
charge of contaminants transpired "during the
policy period." If it did not, coverage under AMI-
CO's policies is not even arguably possible, and it
cannot be said that AMICO had a duty to defend.

The question when the damage resulting from
an insured's acts took place is one of whether
coverage was "triggered." *Arco, supra,* 448 Mich
423, n 8 (opinion of BOYLE, J.); *Gelman Sciences,
Inc v Fidelity & Casualty Co,* 214 Mich App 560,
563; 543 NW2d 38 (1995). In *Gelman Sciences,* this
Court held that in environmental contamination
cases involving a lengthy interval between the act
that actually causes the damage and the discovery
of that damage, courts should apply the so-called
"manifestation" trigger. Under the manifestation
trigger, coverage is triggered at the time that the
damage is discovered. *Id.,* p 564. See also *Trans-
america Ins Co of Michigan v Safeco Ins Co,* 189
Mich App 55; 472 NW2d 5 (1991); anno: *Event
triggering liability insurance coverage as occurring
within period of time covered by liability insur-
ance policy where injury or damage is delayed—
modern cases,* 14 ALR5th 695; *Dow Chemical Co v*

*Associated Indemnity Corp,* 724 F Supp 474, 478 (ED Mich, 1989).

In this case, there is no dispute that the groundwater and soil contamination at issue in the underlying litigation was not discovered until November 1985—almost eleven years after the expiration of the last AMICO insurance policy issued to Arco. Applying the manifestation trigger, therefore, it would be impossible for the claims in that case to come within the coverage extended to Arco by AMICO. Because there can be no coverage under the AMICO policies, it was not obligated to defend (or to indemnify) Arco. Compare *City of Clare, supra; Woodhaven, supra; Gelman Sciences, supra.* In the absence of a duty to defend, the issues raised by Arco and remanded for this Court's consideration are moot.

Reversed.